EDWIN CHURCHMAN, by Next Friend, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, April 25, 1892.

1. **Practice, Appellate:** EVIDENCE: GENERAL OBJECTION: MOTION FOR NEW TRIAL. A general objection to evidence cannot be made the basis of an exception; and the motion for a new trial must make sufficient reference to objectionable evidence to secure its review in the appellate court.

2. **Contributory Negligence:** DEFENSE. It is not incumbent upon the plaintiff in the first instance to show that he was free from negligence, or in the exercise of ordinary care, but the concurring negligence of the plaintiff is matter of defense, and the burden of showing it is on the defendant; and the instructions in this case are approved.

3. **Practice, Appellate:** IMPROPER REMARKS IN CLOSING ARGUMENT: MOTION FOR NEW TRIAL. Improper remarks of counsel making a case which the law will not allow, if objected to and unrebuked, constitute ground for reversal; but such remarks must be set forth *in hœc verba* in the bill of exceptions, and it is not sufficient in itself to prevent them in a motion for a new trial, nor to state their tendency.

4. ———: DAMAGES: EXCESSIVE: ABSTRACT. Where the abstract contains no evidence as to the extent of the damages the appellate court cannot review the excessiveness of the verdict, as it assumes everything in favor of the verdict and the action of the trial court.

*Appeal from the Clay Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*F. F. Rozzelle* and *W. S. Cowherd*, for appellant.

(1) To allow the introduction of ordinance number 40147 over the objection of defendant's counsel, was error. (2) It is well-settled law in this state that it is not incumbent upon defendant in cases of this kind to show that plaintiff was guilty of negligence, if plaintiff's own evidence shows that he was guilty of

contributory negligence. *Nichols v. Winfrey*, 79 Mo. 544, 551; *Taylor v. Railroad*, 26 Mo. App. 336; *Brown v. Railroad*, 31 Mo. App. 661; *Milburn v. Railroad*, 86 Mo. 104. The instruction was, to say the least, misleading and calculated to confuse the minds of the jury, and for this reason, if for no other, it should not have been given. *Clark v. Kitchen*, 52 Mo. 316. (3) In the argument of the case, counsel for plaintiff stated that the testimony showed plaintiff was still suffering from his injuries when his deposition was taken, and no one could tell how long the suffering would continue. Defendant's counsel objected to this line of argument on the ground that the petition did not ask, nor the instructions warrant, any recovery for permanent injuries. The objection was, by the court, overruled, and an exception was saved. No duty incumbent upon the judge of a trial court is more imperative or more important to the fair and orderly administration of justice than that of interposing to restrain everything in the trial of a cause that tends to mislead the jury and to divert their minds from the strict line of inquiry with which they are charged. 1 Thompson on Trials, sec. 955; *Gibson v. Zeibig*, 24 Mo. App. 65, and cases cited in opinion on rehearing at page 70; *Ritter v. Bank*, 87 Mo. 574; *State v. Lee*, 66 Mo. 165. (4) The damages are excessive.

*Robert Adams* and *T. B. Buckner*, for respondent.

(1) The principle is too well settled in this jurisdiction to require any citation of authority, that a question of fact will not be reviewed unless all the evidence is set out bearing upon the question. Under such circumstances, the appellate court must assume facts in favor of the verdict. *Houseman v. Hope*, 20 Mo. App. 193; *Pembroke v. Railroad*, 32 Mo. App. 61. (2) The learned counsel, on this assignment of error, base

their argument on a quotation. taken from appellant's motion for a new trial, which does not represent what counsel did say. The appellant, if it had wanted to save an exception, should have set out the language in the exact words used by counsel, and not a mere conclusion. But since the record fully sustains the argument imputed to plaintiff's counsel, it is useless to pursue this point further. (3) This identical instruction was once before this court in this identical case, and, while counsel strongly criticised this instruction, the court nowhere in its opinion disapproved it. Respondent might rest this instruction upon the principle of *stare decisis*, but in this case it is unnecessary. The instruction is a proper one under any circumstances, and, specially so in this case, in view of instruction, numbered 1, given by the court, the giving of this instruction was rendered necessary. *Buesching v. Gas Co.,* 73 Mo. 229; *Swigart v. Railroad,* 75 Mo. 480; *Stephens v. Macon,* 83 Mo. 357; *Harrison v. Railroad,* 74 Mo. 369. (4) There can be no question that the ordinance was competent for the purpose for which it was offered. The writer thinks there is equally no question that it was competent on the question of showing an admission of negligence on the part of defendant. It was an admission made of record with all the formalities of a legislative enactment, and made before the injury occurred. In *Brennan v. City of St. Louis,* 92 Mo. 488, the point is decided by Judge BLACK, who holds that it is proper to show "knowledge thereof by the city at the time the injury occurred." It was admissible also to show it was a highway over which the city had control. Same authority and cases there cited. The case of *Alcorn v. Railroad,* 108 Mo. 81, cited by counsel, is also an authority which draws the distinction as above stated, and cites the *Brennan case, supra,* as an authority for it. *Rudhouse v. Conway,* 126 Mass.

377; *Martin v. Towle*, 59 N. H. 32; *Railroad v. Benz*, 53 Ga. 126; *Railroad v. Gleason*, 69 Ga. 200; *Railroad v. Henderson*, 51 Pa. St. 815; *Railroad v. McElwee*, 67 Pa. St. 311; *McKee v. Bidwell*, 74 Pa. St. 218; *Emporia v. Schmidling*, 33 Kan. 485; *Dole v. Railroad*, 83 N. Y. 472.

SMITH, P. J.—This case was here on a former occasion, and is reported in 44 Mo. App. 665, where there will be found a statement of all the facts which are necessary to a proper understanding of the questions arising on the present appeal. When the case was here before, the judgment, which was for plaintiff, was reversed and the cause remanded. It appears there has been a second trial wherein the plaintiff has been successful. The defendant again appeals.

I. The first ground of the defendant's appeal is that the trial court erred in permitting the plaintiff to introduce city ordinance number 40147. The defendant's objection to the introduction of this ordinance was that it was "incompetent, irrelevant and immaterial." These objections are too general. There was no specification, as there should have been, of the particular ground on which the ordinance was inadmissible under such general objections. So general an objection cannot be made the basis of an exception. In the light of *Clark v. Loan Co.*, 46 Mo. App. 248, and the cases there cited, it would be seen that there was no objection, which we can notice, interposed. And besides this the motion for a new trial does not make such a reference therein to the objectionable evidence as to require any notice of it by us. The defendant's first ground of appeal must, therefore, be ruled against it.

II. The defendant further complains of the action of the trial court in giving the second instruction for

plaintiff which told the jury, although the plaintiff cannot recover, if, at the time of the injury, he was guilty of any negligence directly ·contributing to the injury, * * * yet the plaintiff is not required to show that he was free from any such negligence, * * * but the defendant must show that the plaintiff was guilty of negligence directly contributing to the injury. We do not think this complaint is well grounded. The rule of law is, we think, well settled in this state that, in cases of this kind, it .is not incumbent upon the plaintiff in the first instance to show that he was free from negligence, or, in the exercise of ordinary care at the time of receiving the injury complained of, but the concurring negligence of plaintiff is a matter of defense, and the burden of showing it is, therefore, upon the defendant. *Fairgrieve v. Moberly*, 29 Mo. App. 142; *Buesching v. Gas Co.*, 73 Mo. 229; *Sturgis v. Railroad,* 75 Mo. 480; *Stephens v. City of Macon*, 83 Mo. 357; *Parsons v. Railroad*, 94 Mo. 286; *O'Connor v. Railroad*, 94 Mo. 150; *Donovan v. Railroad*, 89 Mo. 147; *Huckshold v. Railroad*, 90 Mo. 548. Contributory negligence is a defense that must be pleaded and proved.

The plaintiff's first instruction informed the jury in effect that before they could find for plaintiff they must further find that he was guilty of no negligence directly contributing to his injury. The two instructions taken together, we think, were unexceptionable, and furnished a proper guide for the jury when they retired to consider their verdict.

III. The defendant makes the further contention that the counsel for plaintiff in his closing argument before the jury exceeded the limits of legitimate argument. Whether this contention is well founded or not we are unable to determine, since the abstract nowhere sets forth the words employed by counsel to which objection is made. The rule is well settled, that where

counsel have attempted to make a case in their argument which the law would not allow them to make in their tenders of evidence, such conduct if objected to, and allowed to go unrebuked, constitutes a valid ground for the reversal of the judgment. *McDonald & Co. v. Cash & Hainds*, 45 Mo. App. 66. But we are unable to tell whether the remarks of the plaintiff's counsel are obnoxious to this rule or not, unless the same were before us, which is not the case. The presentation of such remarks in the motion for a new trial is not of itself sufficient. The statement of their tendency or of the conclusion of the party objecting, as to their character, will not do, and especially so when the adverse party, as is the case here, controverts such statement. Such remarks should be set forth *in hæc verba*. Then we could determine whether they were proper or improper.

IV. The defendant's final contention is that the verdict is excessive, but as the abstract contains no evidence whatever as to the value of the property, or as to extent of the damages resulting from the injuries, there is nothing relating to the contention before us which we can review. We must assume in favor of the verdict and the action of the trial court, that there was evidence to support the verdict. *Pembroke v. Railroad*, 30 Mo. App. 62; *Houseman v. Hope*, 20 Mo. App. 193. It follows that the judgment must be affirmed. All concur.