GEORGE C. BOLAN *et al.*, Appellants, v. THE FIRE ASSOCIATION OF PHILADELPHIA, Respondent.

Kansas City Court of Appeals, May 14, 1894.

1. **Insurance: WAIVER.** In cases of waiver of the conditions of a policy by the insurer, some act or omission of his is the cause of the failure on the part of the assured. If the failure of the assured happened before the act of omission of the insurer, it is absurd to say the failure was caused by the insurer.

2. ———: **PROOFS OF LOSS: WAIVER.** Where the assured claims a waiver of proofs of loss, the act or omission of the insurer excusing the assured from furnishing proofs must have occurred during the currency of the time within which the proof was to be furnished under the terms of the policy so as to mislead the assured during the time when he may yet perform his contract.

3. ———: ———: ———: **EXPIRATION OF TIME: ESTOPPEL.** A line of conduct may be adopted by the insurer which will induce the assured to alter his position to his prejudice after the time for making proofs has expired, and may operate as a waiver, but such waivers have the element of estoppel in their essential features.

4. ———: ———: ———: ———. During the currency of the time for making proofs the insurer's adjuster appeared on the field and had some unimportant conversation with the assured who was not informed of his agency till after his departure, when the local agent informed him who he was, that everything would be settled up, and he did not think proofs necessary. After the expiration of time for making proofs another adjusting agent sent the local agent to arrange an interview with the assured. At the interview the only objection was the amount claimed by the assured. Shortly thereafter this

adjuster, by letter, sent through the local agent a definite proposition to the assured with an offer to send draft if accepted. *Held,* being much influenced thereto by the case of *Loeb v. Insurance Company,* 99 Mo. 50, that there is sufficient evidence to submit to the jury whether the local agent had authority from the company to make the statement he did to the assured.

*Appeal from the Jackson Circuit Court.*—HON. ED. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*Geo. B. Strother* for plaintiff.

(1) "If there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency." *Twohey v. Fruin,* 96 Mo. 104, 109; citing *Charles v. Patch,* 87 Mo. 450, 462. "In passing upon a demur to the evidence, the court is required to make every inference of fact in favor of the party, offering the evidence which a jury might, with any appearance of propriety, have inferred in his favor. *Buesching v. Gaslight Co.,* 73 Mo. 219–231; *Ecton v. Ins. Co.,* 32 Mo. App. 53–59; *Fisher v. Railroad,* 23 Mo. App. 206; *Smith v. Hutchinson,* 83 Mo. 690; *Donohue v. Railroad,* 91 Mo. 357–366; *Twohey v. Fruin, supra; Davis v. Clark,* 40 Mo. App. 515–520; *George v. Railroad,* 40 Mo. App. 433–441. (2) Proof of waiver is proof of performance. A waiver is a mode of performance. *Maddox v. German Ins. Co.,* 39 Mo. App. 198; *Weber v. Ins.,* 35 Mo. App. 524; *Kile v. Ins. Co.,* 11 Mo. 278–291. (3) Proof of loss may be waived, as any other condition in a policy, in various ways. There are, generally, three ways of waiving proof of loss. *First.* "That of absolute denial of all liability to pay the loss," as in *Anthony v. Ins. Co.,* 48 Mo. App. 66–

74; *Phillips v. Ins. Co.*, 14 Mo. 220–235. *Second.* "That of a distinct recognition of defendant's liability and giving of the plaintiff to understand that the loss would be adjusted without proof," as in *Fulton v. Ins. Co.*, 51 Mo. App. 460; *Oakey v. Ins. Co.*, 29 Mo. App. 105; *Gale v. Ins. Co.*, 33 Mo. App. 664–672, 673; *Loeb v. Ins. Co.*, 99 Mo. 50–56. In this last case the local agent waived proof of loss. *Third.* "It is quite obvious that there may be a shuffling, tricky or evasive course of conduct on the part of the insurer which will neither amount to an absolute denial nor to a distinct recognition of its liability, and yet which will be such as to lead a reasonably prudent man to believe that proofs of loss are not to be required, and such a hypothesis was fairly presented by the evidence" in this case and the court erred in sustaining defendant's demurrer to the evidence. *Maddox v. Ins. Co.*, 39 Mo. App. 198–203; *Summers v. Ins. Co.*, 45 Mo. App. 46–55. (4) All corporations act by and through agents; and the acts of their agents bind the corporation if done with apparent authority. "The source of the powers of an agent are threefold; *first,* powers expressly granted by his principal; *second,* powers which are implied from the known usages of trade or business, and of which courts take judicial notice; *third,* powers which arise upon a principal of estoppel, by the act or neglect of the principal in suffering its agent to hold himself out as possessing certain powers which have not in fact been conferred upon him. To these may be added a *fourth* consideration, that the acts of an unauthorized agent may be adopted by a subsequent ratification by his principal." *Famous Shoe & Clothing Co. v. Iron Works*, 51 Mo. App. 70. (*a*) A local agent with general powers, such as "authority to sign a policy is sufficient authority to adjust the loss." (2 Greenleaf on Evidence [13 Ed.], sec. 66, p. 54; *Ib.* [13 Ed.], sec. 406,

p. 365); "or waive proof of same." See *Loeb v. Ins. Co., supra;* see *Parks Case,* 26 Mo. App. 511; *Fulton v. Ins. Co.,* 51 Mo. App. 462, where local agent was instrumental in waiving proof. (*b*) "Where an agent is intrusted with policies signed in blank and is authorized to issue them upon the application of parties seeking insurance, he is thereby clothed with apparent authority to bind the party in reference to any condition of the contract whether precedent or subsequent, and may waive notice or proof of loss, and may bind the company by his admissions in respect thereto." Wood on Fire Ins. [2 Ed.], secs. 419, 866; *Parks v. Ins. Co.,* 26 Mo. App. 511, 532–536; 2 Am. and Eng. Encyclopedia of Law, 331–333, citing *Railroad v. Ins. Co.,* 105 Mass. 570. (*c*) The question in such cases is as to what is the apparent (not real) authority of the agent, "and such apparent authority is to be gathered from all the facts and circumstances in evidence, and is a question of fact to be drawn therefrom by the jury." *Nicholson v. Golden,* 27 Mo. App. 132–155; *Jackson v. Ins. Co.,* 27 Mo. App. 62–73. (*d*) "Notice to the agent is notice to the principal, and what the agent waives the principal can not afterward insist upon." *Anthony v. Ins. Co.,* 48 Mo. App. 73, and cases cited. The court there further said: "Neither is there any impediment to waiving a stipulation as to waiver;" citing *Barnard v. Ins. Co.,* 38 Mo. App. 113. See *Loeb v. Ins. Co.,* 99 Mo. 55, 56. "A right of this character, once waived, can never be revived." It is gone forever. *Oakey v. Ins. Co.,* 29 Mo. App. 114. (*e*) Where there is any evidence at all from which it may be inferred whether direct, inferential or circumstantial, waiver is always a question to be passed on by a jury. *Summers v. Ins. Co.,* 45 Mo. App. 46; *Loeb v. Ins. Co., supra; Hogard v. Ins. Co.,* 53 Mo. App. 102, case cited.

*Fyke, Yates & Fyke* for respondent.

(1) This policy required proofs of loss to be made within sixty days; the things relied upon, therefore, as constituting a waiver of this condition, must have occurred before the expiration of the sixty days. It makes no difference what was said or done thereafter. *Erwin v. Springfield Co.*, 24 Mo. App. 145. (2) There is absolutely no testimony that any of the conversations, presumably offered in testimony as tending to show waiver, took place before the expiration of the sixty days. As this was an essential element of plaintiff's case in making out waiver, such fact must needs have been clearly proved, to entitle plaintiff to go to the jury. It was not so proved. *Erwin case, supra.* (3) But the matters relied upon by way of waiver are insufficient for this purpose, even when we admit, for sake of argument, that they occurred prior to the expiration of the sixty days. (4) Agent Hackler had no authority to waive proofs of loss. No local agent has authority to waive proofs of loss or anything connected with the adjustment and settlement of the loss, unless it is shown that the company in question has conferred express powers upon him to this end, or has held him out by a given line of conduct as possessing such powers. There is no such proof in this case. *Bowlin v. Hekla Co.*, 31 N. W. Rep. 859; *Bush v. Westchester Co.*, 63 N. Y. 531; *Van Allen v. Farmers' Co.*, 64 N. Y. 469; *Smith v. Niagara Co.*, 6 Am. St. Rep. (Vt.) 144; s. c., 60 Vt. 682. (5) The advertisement of the property for sale under the mortgage precludes recovery. *Qualen v. Prov. Washington*, 31 N. E. Rep. 31.

ELLISON, J.—This action is founded on a policy of insurance issued to plaintiffs by the defendant company covering the loss of a barn. At the conclusion of evi-

dence for plaintiffs, the court directed a verdict for defendant.

The policy required immediate notice of loss and in addition required proofs of loss to be given within sixty days after the fire. No proof of loss was made and the case was evidently determined by the court on the failure of plaintiffs to show a waiver by the company within the sixty days limited for the proof. The effect of plaintiffs' contention, in connection with his authorities, is that the waiver may be effectual though the acts alleged as constituting the waiver occurred after the expiration of the time limited in which the proof could be made, and that there was evidence here tending to show the acts constituting the waiver occurred within the sixty days. If either contention is true the court erred in directing the verdict for defendant.

It is clear upon principle that when one has failed to comply with his contract, he should have a cause therefor which will justify him in the eye of the law. In this and similar cases, the alleged cause is some act or omission of the insurer. That is, such act or omission on the part of the insurer has *caused* the failure on the part of the assured. If the failure on the part of the assured has happened before the act or omission of the insurer, it is an absurdity to say the failure was caused by the insurer. It is said by a text writer that, "A failure to give the notice in due time,    *    *    * leaves the insured entirely at the mercy of the insurers, and to point out to him the fact, will not, in the least, aid him to remedy the defect. The omission to point it out to him, is, therefore, no wrong or prejudice or want of good faith towards him, nor is the insurer under any legal obligations so to do." 2 May on Ins., sec. 464. We have, therefore, on more than one occasion decided that where the limit is a *certain time stated*, the act or omission of the insurer which is relied upon

by the assured as excusing him from a performance of his agreement to furnish proofs of loss must occur during the currency of the time within which the proof must be furnished. Such act or omission happening during the time when the assured may yet perform his contract misleads him into the belief that the insurer does not desire a performance. *Irwin v. Ins. Co.*, 24 Mo. App. 151; *Gale v. Ins. Co.*, 33 Mo. App. 672. The supreme court announces the same principle in *St. Louis Ins. Co. v. Ryle*, 11 Mo. 278. The text writers have but one opinion on the subject. 2 Woods on Insurance, 947, 948; 2 May on Insurance, *supra;* Porter on Insurance, 194; Richards on Insurance, sec. 85.

There may be a waiver by the insurer after the time, by a line of conduct on its part which operates upon the parties in the nature of an estoppel. There may be a line of conduct adopted by the insurer which will induce the assured to alter his position to his prejudice. The assured may be led into additional expense by the insurer in relation to the loss. The strongest cases in favor of waiver after the time has elapsed have presented, so far as I have examined, the elements of estoppel in their essential features. Of these see: *Goodwin v. Ins. Co.*, 73 N. Y. 480; *Brink v. Ins. Co.*, 80 N. Y. 108; *Prentice v. Ins. Co.*, 77 N. Y. 483. In the last case the court said: "It is now understood to be the doctrine of this court that no new consideration is required to support a waiver by an insurance company of a condition in respect to time of serving proofs of loss, and that it may be done by acts and conduct indicating an intention to waive such condition, occurring subsequent to the breach of the condition, although there may be no technical estoppel." Yet the remarks of the foregoing nature have been addressed to cases presenting the elements of

estoppel. It is stated in 2 Wood, Insurance, 947: "The question, as to whether a failure on the part of the insurer to object to the unseasonableness of the proofs of loss, furnished after the forfeiture has attached, can be set up as a waiver, does not seem to be free from doubt. It has been held that such failure operates as a waiver, but generally it will· be found that the delay has been induced by such acts and conduct on the part of the insurer or his agents as amounts to an estoppel, rather than a waiver, and the better doctrine seems to be, and that more consistent with principle, that, when the failure to comply with the condition is due wholly to the fault of the insured, the policy is dead, and can not be revived by anything short of a new consideration or an express waiver on the part of the insurer."

We have, however, been cited by plaintiff in support of his contention to the case of *Loeb v. Ins. Co.*, 99 Mo. 50. In that case there was evidence of what occurred as to proofs of loss between the adjuster for the insurance company and the insured after the time for furnishing the proof had expired. But there was also evidence of the company's local agent having, *before* the time expired, induced plaintiff to delay with the proof. It may be (the matter is not clear) that evidence of what occurred between the parties after the time for proof had expired, was received, not, of itself, to establish a waiver but rather to connect with what occurred before the time expired, so as to establish that the waiver was *in fact made before* the expiration of the time. But certain it is that the court in that case approves of an instruction given for defendant which in effect restricts the waiver to the time limited for proofs. We, therefore, conclude that that case is not inconsistent with the views we have advanced.

We will now look to the evidence which plaintiffs presented to see if there is sufficient in it to submit the question of waiver to the jury. All that occurred before the expiration of the sixty days limited was that the local agent notified the company that there had been a loss. This was acted on by the company and was sufficient so far as notice of loss is concerned. Thereupon, within two or three weeks, an adjusting agent was upon the ground and had some unimportant conversation with plaintiffs about the fire, plaintiffs at the time not knowing he was an agent of defendant, though the local agent did know him. After this adjuster left, the local agent told plaintiffs that he was an adjuster and that everything would be settled up. The plaintiff stated: "I supposed him being there and he being their adjuster, that was all that was necessary." And also stated that the local agent did not think proofs would be necessary. Shortly after the time expired another adjusting agent of defendant called upon the local agent and sent him to plaintiffs to arrange an interview at the agent's office. At this interview the only objection made was the value claimed by plaintiffs for the property destroyed. Shortly thereafter this adjusting agent wrote a letter to the local agent in which he states: "if Mr. Bowlin will authorize you to write me that he is willing to accept my offer you can say to him there will be no further trouble about it as I will fix up all the papers necessary and send to you for completion and as soon as returned executed send a draft for $500, payable to Bowlen and Donohue. Let me hear from you, etc.,

"Yours truly,
"JAMES L. APPLEGATE."

From this testimony it can be fairly inferred (especially in the light of the importance attached to the action of the local agent in *Loeb v. Ins. Co., supra*),

that the local agent was authorized to speak for the adjusters. If the first adjuster responding to the notice of the fire had said to plaintiffs what the local agent said to him, it perhaps would not be disputed but that it would have been evidence sufficient to establish a waiver of proofs of loss. Taking the fact that both adjusters are shown to have been at the place, evidently both communicating with the local agent and that one of them arranges for an interview with plaintiffs through him and afterwards authorizing him by letter to state to plaintiffs that in certain contingencies, there would be no further trouble, we are constrained to hold, being much influenced thereto by the *Loeb case*, that there is sufficient appearing to submit to the jury whether the local agent had, in effect, authority from the company.

It is sufficient to further remark that the evidence as to the mortgage foreclosure proceedings did not authorize taking the case from the jury.

The judgment will be reversed and cause remanded. All concur.