HERMAN COHN, Appellant, v. ORIENT INSURANCE COMPANY, Respondent.

### Kansas City Court of Appeals, May 6, 1895.

1. **Insurance**: WAIVER OF PROOFS. To constitute waiver of proofs of loss, the insurer must have said something or committed some act during the time stipulated for the making of proofs, whereby the assured, acting as a reasonably prudent man, was induced to believe that such proofs would not be required, or, if required, the time thereof was immaterial, and there was no evidence of such conduct in this case.

2. ———: ———: OUT OF TIME. The receipt of proofs out of time without disapproval or objection can not be treated as a waiver of the requirement to furnish them within time. *Bolan v. Ins. Co.*, 58 Mo. App. 225, *distinguished.*

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*BaSom & Smith* and *Geo. Hubbert* for appellant.

(1) There can be no question but what the agents of said company, whether it be the local agent or the adjuster sent here to adjust said loss, had the authority to waive any and all conditions of said policy, and, as to scope of agent's power, to waive conditions of policies concerning proof of loss. *McCullough v. Ins. Co.*, 113 Mo. 614, 615; *Ins. Co. v. Monger*, 30 Pac. Rep. 120; *Ins. Co. v. Ruckman*, 20 N. E. Rep. 77, 30 N. Y. 727; Mechem on Agency, sec. 224; 52 N. Y. Rep. 866. (2) It is also contended by plaintiff that defendant waived the proof of loss as provided in said policy by the defense tendered under the issue in said case and as to waiver of proof of loss by other defenses or by a denial of all liability. *LaForce v. Ins. Co.*, 43 Mo. App. 528, 529; 23 Ill. App. 457; *Ins. Co. v. Wicks*, 26 Pac. Rep. 410; 23 N. E. Rep. 112, 113 Ill. 345; 7 Am. and Eng. Encyclopedia of Law, 1055, 48 N. W. Rep. 798; 26 Mo. App. 606; *Maddock v. Ins. Co.*, 39 Mo. App. 203; 27 N. E. Rep. 538; 13 S. W. Rep. 1016; 77 Tex. 162; *Ins. Co. v. Scammon*, 12 N. E. Rep. 324; 14 Pac. Rep. (Kan.) 275; *Lanze v. Sup. L. K. of H.*, 31 Fed. Rep. 529; *Unsell v. Ins. Co.*, 23 Fed. Rep. 443; 44 N. Y. (Mich.) 431; 35 Mo. App. 534; *Maddock v. Ins. Co.*, 39 Mo. App. 203; 56 Mo. 573; 57 Mo. 86; 73 Mo. 387; 43 Mo. App. 518; 36 Mo. App. 606. (3) Waiver of proof of loss by the conduct of the company, its

Cohn v. Orient Ins. Co.

agents, adjusters, or employees, see 30 Pac. Rep. 376; 4 Wash. State, 528; 30 Pac. Rep. 376; 25 Atl. Rep. 142; 151 Pa. St. 607; 19 Atl. Rep. (Pa.) 793; 53 Mo. App. 513–518; 45 Mo. App. 46; 11 S. E. Rep. 50; 11 Atl. Rep. 107; 113 Mo. 606; *Fisher v. Ins. Co.*, 33 Fed. Rep. 544; *Thomas v. Ins. Co.*, 47 Mo. App. 171. Waiver of proofs of loss as to time and matter. *Okey v. Ins. Co.*, 29 Mo. App. 105; *LaForce v. Ins. Co.*, *supra; Wiess v. Ins. Co.* (Pa. Sup. Court), 23 Atl. Rep. 991; 11 N. Y. 544; 16 Barb. 119; 35 N. J. 429; 53 N. W. Rep. 514; 93 Mich. 81; Wood, Fire Ins., p. 716, *et seq.; Id.*, p. 720, note; 46 N. W. Rep. 292; 29 Ill. App. 602; 113 Mo. 615; 99 Mo. 55; *Loeb v. Ins. Co.*, 35 Mo. App. 524; 39 Mo. App. 203; 33 Mo. App. 664; 29 Mich. 241; 36 Mich. 289; 73 N. Y. 480; 80 N. Y. 108; 77 N. Y. 483; *Ins. Co. v. Barwick* (Neb.), 54 N. W. Rep. 519; 29 Ill. App. 602; 2 Green, Evi., sec. 894; 113 Mo. 615; 99 Mo. 55; 45 Hun, 144; 80 N. Y. 112; Wood, Fire Ins., 719, 720, and note, p. 720; 29 Pac. Rep. (Kan.) 757; *Keeny v. Ins. Co.*, 71 N. Y. 396; *Weeks v. Ins. Co.* (Pa. Sup. Ct.), 23 Atl. Rep. 991; 51 N. W. Rep. (Wis.) 1122; 37 Ill. App. 522; 26 Atl. Rep. (Pa. Sup. Ct.) 144. (4) The question of waiver is solely for the jury; *Gale v. Ins. Co.*, 33 Mo. App. 664; 53 Mo. App. 98–102; 45 Mo. App. 53; 8 S. E. Rep. 27; 29 Mo. App. 105–111. Where there is any evidence tending to prove an alleged fact, the case must go to the jury." 96 Mo. 104; 80 Mo. 568; 97 Pa. St. 441; 73 *Id.* 342; 7 Am. and Eng. Encyclopedia of Law, 1056.

*Fyke, Yates & Fyke* for respondent.

(1) To constitute a waiver of proofs, something must be said or done by defendant, during the currency of time within which proofs are required by the

policy to be made, calculated to induce plaintiff as a reasonable man to believe that no proofs of loss would be required, or that proofs had been or would be dispensed with. The failure on the part of insured, must be caused by same act or omission on the part of the insurer. *Bolan v. Ins. Co.*, 58 Mo. App. 225. It was not incumbent upon defendant, when the proofs of loss were received by it out of time, to object upon that ground, because the plaintiff had already lost his right of action, and defendant's failure to object could in no manner change his condition. *Bolan v. Ins. Co.*, *supra*.

GILL, J.—Plaintiff was a merchant at Joplin, Missouri, and his stock of goods was destroyed by fire, on December 13, 1892. Of the $7,000 insurance carried, plaintiff had a policy of the defendant, in the sum of $1,000, on which this action was brought. The defense was the failure of the assured to make proofs of loss within thirty days after the fire, as required by the terms of the policy. As instructed by the court, at the close of plaintiff's evidence, the jury returned a verdict for defendant, and from a judgment thereon, plaintiff appealed.

The sole question is, whether there was, at the trial, any evidence tending to prove a waiver by the defendant of the plaintiff's contractual obligation to furnish proofs of loss within the thirty days stipulated in the policy. The proofs of loss were not made and furnished to the defendant until more than fifty days after the fire.

That the courts will give effect to such stipulations in insurance contracts is well settled; and it is plain, therefore, that, unless defendant, or its officers or agent, have so conducted themselves that the making of proofs of loss, within the time named in the policy, is

to be deemed as waived, the plaintiff has forfeited all right or claim under the policy, and the judgment must be affirmed. It is the general rule in such cases, well settled by the authorities, that to constitute waiver of proofs of loss, the insurer must have said something, or committed some act, during the time stipulated for making proofs, whereby the assured, acting as a reasonably prudent man, was induced to believe that such proofs would not be required, or, if required, that the time therefor was immaterial. 2 Wood on Fire Ins. [2 Ed.], p. 943, *Gale v. Ins. Co.*, 33 Mo. App. 664; *Summers v. Ins. Co.*, 45 Mo. App. 53, 54, and cases cited; *Bolan v. Fire Ass'n*, 58 Mo. App. 225.

There is not even a *scintilla* of evidence in this record, that gives color to the claim that any officer or agent of the defendant company, by word or act, waived its right to insist on the furnishing of proofs of loss within the time required by the policy. There was nothing said or done, during the thirty days after the fire, that could possibly (much less reasonably) influence the plaintiff in the belief that proofs, as called for in the policy, would not be required within the time there mentioned. Shortly after the fire, plaintiff met the defendant's local agent, but the agent refused even to advise the assured how to proceed; refused to furnish blanks on which to make proofs; told the plaintiff that he would have nothing to do with the matter—the conduct of the agent clearly showing to a reasonable mind that the company had suspicion of foul play and that its position in the matter was hostile to plaintiff's claim. And so the plaintiff understood it; for he, in effect, testified at the trial that he *knew* proofs of loss were required, and, after talking with the agent, he proceeded to, and did, employ an attorney to prepare such proofs. The attorney was directed, it seems, five days after the fire, to prepare proofs of loss,

but they were not mailed to the company till February 1, 1893, the fiftieth day thereafter.

Right here, however, it is claimed that, since the defendant received the proofs (even though long after the required time) and failed to manifest any disapproval or objection thereto—in short, ignored them altogether—then this silence on its part must be treated as a waiver of the requirement to furnish the proofs within the thirty days. We can not accede to that proposition. This is carrying the doctrine of waiver beyond all reason, and further than any well considered case has ever gone. If the insurance company shall, during the currency of time designated for supplying the proofs, receive such as are defective, and shall make no objection thereto, then it may be reasonably contended that it ought to have given notice of the defect so as to permit the proofs to be amended; and failure so to do might be treated as a waiver. But, as in this case, where no proofs are made during the time provided for, and that, too, without fault or suggestion from the company, and the proofs are subsequently furnished, we know of no reason why the company should act thereon. Mere silence in that event could do the assured no harm; for, if advised that the proofs were not in time, the error could not be corrected. There are cases in other jurisdictions which seem to give color to this contention; but the great weight of authority, along with the decisions in this state, do not sustain the claim that mere silence and inaction of the company receiving proofs out of time should be considered a waiver of performance by the assured. *Bolan v. Ins. Co., supra; Ins. Co. v. Kyle,* 11 Mo. 290; Richards on Ins. [2 Ed.], sec. 79; 2 Wood on Insurance, [2 Ed.] pp. 948, 949; 2 May on Insurance [3 Ed.], sec. 471; Porter on Insurance, p.

194; *Central Ins. Co. v. Oates*, 86 Ala. 569; *Mueller v. Ins. Co.*, 87 Pa. St. 404, 405.

As was said by us, however, in the *Bolan case*, there may be a waiver by the insurer after the time, by a line of conduct on its part which operates on the parties in the nature of an estoppel, such as to cause the assured to alter his position to his prejudice, by incurring additional expense and the like, by reason of the deceptive acts of the insurer. But the case in hand has no element of that description. The defendant company adopted no line of conduct to the prejudice of the plaintiff. It did not accept and act upon the proof, but, by its absolute silence, repudiated and ignored it.

On the undisputed facts, then, we hold that the plaintiff made no case, and the trial court correctly instructed. the jury to return a verdict for defendant. Judgment affirmed. All concur.