## J. A. CRENSHAW, Respondent, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, December 2, 1895.

1. **Accident Insurance**: NOTICE: WAIVER: INSTRUCTION. An instruction that, if defendant's agents furnished plaintiff blanks to make out his proof of loss, it, as a matter of law, was a waiver of notice, is *error*. But if such action in view of all the circumstances reasonably led plaintiff, as a reasonable man, into the belief that no formal notice was required, and he went to the trouble and expense of getting up proofs, then a waiver would be established.

2. ————: EVIDENCE: EX PARTE STATEMENTS: INSTRUCTION. Certain *ex parte* statements are *held* proper merely to show that certain requirements of the policy were complied with, but their admission should be confined thereto and the court should so indicate upon their introduction, if asked by the defendant, though defendant may limit the effect of such evidence by asking an instruction.

3. ————: PROOF OF LOSS: EXTENSION OF TIME. Though three months after an accident the defendant's agent furnishes blanks for making proof of loss, even if it amounts to a waiver of proofs up to that time, yet it does not of itself tend to show that plaintiff should have four months' additional time to furnish such proof.

4. ————: SUCCESSIVE ACCIDENTS LIMITING RECOVERY. An accident policy provided the sum of $10 per week for a period not exceeding thirty consecutive weeks' loss of time. *Held*, this was the limit of the amount of indemnity for any one accident, but that the policy furnished protection for successive accidents, and the verdict for $300 for a second accident could not be reduced by the sum paid by reason of a prior accident.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Teasdale, Ingraham & Cowherd* for appellant.

(1) The verdict is for $300 and is, on this account, against the evidence and excessive. We contend that

the sum total of appellant's liability under this policy for an accident not resulting in death is $300, regardless of the frequency of the injuries or their continuance. (2) The court erred in permitting respondent to read to the jury the contents of the statements furnished by him to the appellant. *Thomas v. Insurance Co.*, 47 Mo. App. 169, 173. *Browne v. Ins. Co.*, 68 Mo. 133–138; *Baile v. Ins. Co.*, 73 Mo. 371–388; *Ins. Co. v. Sennett*, 41 Pa. St. 161. (3) The court erred as to the law concerning notice to be given by respondent to appellant. *Noonan v. Ins. Co.*, 21 Mo. 81–89; *Arnold v. Ins. Co.*, 55 Mo. App. 149, 156; *Leigh v. Springfield F. & M. Co.*, 37 Mo. App. 548; *Gale v. Ins. Co.*, 33 Mo. App. 664; *Oakey v. Ins. Co.*, 29 Mo. App. 105, 111; *Erwin v. Ins. Co.*, 24 Mo. App. 152; *Phillips v. Ins. Co.*, 14 Mo. 231; *Ins. Co. v. Kyle*, 11 Mo. 290, 291; *Donahue v. Ins. Co.*, 56 Vt. 374; *Prov. L. I. & I. Co. v. Baum*, 29 Ind. 236–241; *Edwards v. Ins. Co.*, 3 Gill (Md.), 176–188; *Cornell v. Ins. Co.*, 18 Wis. 392.

*John L. Wheeler* for respondent.

(1) This policy was a continuous policy for the period of one year. It did not provide that upon a settlement of a claim for injuries arising thereunder, same should be canceled and surrendered to the company. The point that appellant makes in his brief that $41.43, the amount paid respondent for a previous accident, should have been deducted from the amount recovered in this case, is without any support whatever in the policy, and no provision that might be construed as authorizing such a procedure is found therein. (2) The respondent read in evidence the proofs of injury furnished by appellant, for the purpose of showing that he had complied with the terms of the policy, and the court committed no error in permitting him so to do.

*Newmark v. Ins. Co.*, 30 Mo. 160; *Howard v. Ins. Co.*, 4 Denio, 502. (3) The notice of injuries given in this case was sufficient, but had no notice been given, the appellant in furnishing respondent with blank proofs of injury waived all notice. *Anthony v. Ins. Co.*, 48 Mo. App. 65; *Brown v. Ins. Co.*, 46 Mo. App. 473; *La Force v. Ins. Co.*, 43 Mo. App. 518; *Coffman v. Ins. Co.*, 57 Mo. App. 647; *Leigh v. Ins. Co.*, 37 Mo. App. 548.

ELLISON, J.—This is a suit on an accident insurance policy issued to plaintiff by defendant, wherein plaintiff seeks to recover for thirty weeks' disability at $10 per week, as stipulated in the policy, for an acci-dental injury while engaged in work at the Armour packing house. He recovered in the trial court.

The only question necessary to consider on this appeal is the question of notice and waiver thereof. The policy contains, among others, the following provision: "The insured agrees to use due diligence for personal safety and protection, and that the company shall have immediate written notice, with full particulars, of any accident, and to allow the medical adviser of the company to examine the person or body of the insured, in respect to alleged injury." It was shown in the evidence that the plaintiff's wife was authorized by him to notify the company, and she states that she, on the day of the injury, notified the company's physician, by sending him a note by a boy named Cook. She does not state what the notice was, but that the physician came next day to see plaintiff. Cook testified that he delivered the note at the physician's office. This was all the notice given, and we regard it as insufficient. Notice to the defendant's surgeon, or physician, was not notice to the company, within the contemplation of the policy. He had no authority, as

such physician, to receive notice for the company. The trial court took the same view and instructed the jury that such notice was not sufficient, but submitted a question of waiver of notice in the following instruction:

"You are instructed that if you believe from the evidence that Motley, the agent of the defendant, furnished the plaintiff with blanks to make out his proof of loss, such act upon the part of said agent would constitute waiver of notice."

The evidence in respect to furnishing blanks for proofs was that, some three months, or more, after the accident, the plaintiff called on Motley, defendant's general agent, who resided in the same city with plaintiff, and received from him the blank proofs. But this did not justify the court in declaring, as a matter of law, that such action was a waiver of notice. If the jury believed that such action, in view of all the circumstances of the case, was reasonably calculated to lead plaintiff, as a reasonable man, into the belief that no formal notice was required, and he, in consequence thereof, went to the trouble and expense of getting up proofs, then defendant would be held to have waived the notice. Waiver is something in the nature of an estoppel, and if defendant thus led plaintiff into additional trouble and expense, it would not be permitted afterward to interpose a want of notice. *Bolan v. Ins. Co.*, 58 Mo. App. 225; *Gale v. Ins. Co.*, 33 Mo. App. 664; *Grigsby v. Ins. Co.*, 40 Mo. App. 276; *Cohn v. Ins. Co.*, 62 Mo. App. 271.

This seems to be the rule as to proofs of loss in fire insurance, and it would, perhaps, apply with more directness to a case of mere notice that an accident had happened. It appears, though not as fully as it might, that the general agent's action, and the position he took in relation to plaintiff's claim, in other matters

than the mere furnishing blank proofs, may also have had a tendency to show a waiver of notice, though of this we can not make a ruling, since the agent's action is not clearly depicted in the record preserved.

Since the case must be retried, we will refer to a question relating to the admission of evidence. There were a number of *ex parte* statements made as to the accident and the resulting condition of plaintiff. These are proper merely to show that the requirement of the policy as to a statement of particulars had been complied with, and their admission should be confined to that matter. *Newmark v. Ins. Co.*, 30 Mo. 160. But it seems that it is the duty of defendant, if he wishes the jury cautioned in this respect, to ask an instruction from the court, limiting the effect of such evidence. In this case, however, the objections urged by defendant, at the trial, to the admission of these papers, show that they were being offered as evidence generally, to make out plaintiff's case, and under these circumstances, they were admitted, without being limited, over defendant's objection. Defendant called attention to the fact that they were so offered, and objected to them on that, among other grounds. In admitting them under such circumstances, it was the duty of the court to limit the effect of the proof and the reason of its admission. There can scarcely be a doubt that, under the circumstances surrounding their admission, the jury must have understood the court as holding them to be legal evidence in proof of plaintiff's case generally.

It seems from the date of the statements of the particulars of the accident required by the policy, that they were furnished on July 1, 1893, some four months after plaintiff claims that defendant waived the notice, which, we understand to have been in March. It will be observed that the policy calls for notice with "*full*

*particulars''* of the accident. We can very well see how the waiver of notice might occur in the manner herein commented upon, and that the waiver of notice, *in the manner indicated*, necessarily embraced a waiver of the particulars of the accident, not having been presented up to that time. But the very acts of defendant's agent relied upon here by plaintiff, as showing a waiver of notice and of particulars up to that time, show that the defendant was insisting on the particulars and only waiving their not having been furnished sooner, for those acts consisted mainly in furnishing blanks on which to state the particulars. We discover nothing in the case tending to show that plaintiff should have four months' *additional* time to furnish the particulars. In other words, the fact that defendant may have been willing to receive the particulars at the time its agent furnished the blanks, or in a reasonable time thereafter, by no means shows that it would receive them four months thereafter; thus allowing plaintiff to do, at the end of seven months, what he was required to do immediately. But, so far as the record shows, no objection was made on this ground, and we only refer to the matter, that the facts in relation thereto may be considered on another trial.

The verdict in this case was for $300 and interest, and it was shown that plaintiff had, on a prior occasion, after obtaining this policy, met with an accident, for which he presented, and was allowed, a claim of $41.43. Defendant now suggests that, since the policy was for one year's duration, and since it provided as indemnity "the sum of ten dollars per week," for a period "not exceeding thirty consecutive weeks, for the immediate, continuous, and total loss of such business time as may necessarily result from such injuries;" that under no circumstances, can there be paid as indemnity, a greater sum than $300; and that, therefore,

plaintiff should not have been allowed to recover more than $300, less the $41.43, paid him on account of the first accident. We do not think this the proper construction of the policy. The policy limits the amount of the indemnity for any one accident. Otherwise, if the full limit of the amount should be paid for an accident happening soon after obtaining the policy, the assured would be without protection for the balance of the year. The evident meaning of the policy is that the assured shall have protection for successive accidents, which may happen to him during the period covered by the policy.

The judgment will be reversed and cause remanded. All concur.