J. A. CRENSHAW, Respondent, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Justices' Courts:** JURISDICTION: FILING OF INSURANCE POLICY. Plaintiff filed with the justice a statement of his cause of action on a policy of insurance, stating that said policy was attached, etc. The policy was in fact attached; the justice did not mark it filed, however, and between the trial in the justice's court and the perfecting of the appeal his attorney withdrew it but filed it again when the papers reached the circuit court. *Held,* the lodgment of the policy with the justice was sufficient filing and gave the justice jurisdiction which was not defeated by a temporary withdrawal.

Crenshaw v. Ins. Co.

2. ———: ———: APPEARANCE ON APPEAL. Where on appeal the appellee appears to the action generally in the circuit court or goes to trial after his objection to jurisdiction has been overruled, he can not complain of the jurisdiction of the court, especially where it has coordinate jurisdiction with the justice of the subject-matter.

3. Accident Insurance: NOTICE OF ACCIDENT: NATURE OF DEFENSE: WAIVER. In an action to recover for injuries on an accident policy where the defense solely consists of a denial of all liability on the ground of violating the rules of the insurer and of there being no accident, notice of the accident is thereby waived.

4. ———: ———: BLANKS FOR PROOFS OF LOSS: WAIVER. Where the insurer furnishes the insured, without any demand or notice, blanks to make out his proofs of disability, he thereby waives proof of notice of the accident.

5. ———: MEASURE OF DAMAGES: INSTRUCTION. Under the policy in this case the instruction properly left it to the jury to say whether the injury caused the immediate, continuous, and total loss of time to the plaintiff and also allowed him to recover at $10 per week during the time of disability.

6. ———: CONSTRUCTION OF POLICY: DAMAGES: EXCEPTION: PLEADING. If a policy of insurance contains a general clause as to the amount of indemnity granted and afterward a separate and distinct clause, which has the effect of taking out of the general something which would otherwise be included in it, the insured relying upon the general clause need only set it out without noticing the separate clause operating as an exception, nor does he have to prove his exemption from the exception of the separate clause.

7. Depositions: APPELLATE PRACTICE: OBJECTIONS TOO LATE. Where depositions are not set out in the bill of exceptions the appellate court can not determine whether they are subject to objections urged against them. But defects as to notice are waived by appearance at the taking and objections first heard at the trial come too late.

8. Conduct of Counsel: APPELLATE PRACTICE: BILL OF EXCEPTIONS. To authorize the appellate court to review remarks of counsel in their argument and the action of the trial court thereon, the bill of exceptions should set out the remarks as well as the objection thereto and the action of the court thereon.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Teasdale, Ingraham & Cowherd* for appellant.

(1) The circuit court had no jurisdiction of the subject-matter, and the cause should have been dismissed. It should be dismissed by this court. *Ins. Co. v. Foster*, 56 Mo. App. 197; *Olin v. Zeigler*, 46 Mo. App. 193; *Gillihan v. Wren*, 44 Mo. 377; *Gideon v. Hughes*, 21 Mo. App. 528. (2) The circuit court should have sustained appellant's objection to the introduction of testimony—should have sustained appellant's demurrer to the evidence at the end of respondent's case—should have given the peremptory instruction asked by appellant at the end of the whole case directing a verdict for appellant. Same authorities cited under first point. (3) The furnishing of blanks for proof of duration of disability, after the expiration of the time within which notice should have been given, was not a waiver; for waiver is something in the nature of estoppel, and an estoppel can not be founded on acts occurring after forfeiture. *Gale v. Ins. Co.*, 33 Mo. App. 664–672, and cases cited; *Leigh v. Ins. Co.*, 37 Mo. App. 542–549; *Erwin v. Ins. Co.*, 24 Mo. App. 145–152; *Cohn v. Ins. Co.*, 62 Mo. App. 271; *Albers v. Ins. Co.*, 68 Mo. App. 543. (4) Conceding that the act of appellant's agent in furnishing to respondent blanks on which to make proof of duration of disability was a waiver of immediate written notice, such act can not be construed to be a waiver of that clause of the policy which required "full particulars" of the accident. There was no evidence that respondent ever did furnish appellant with full particulars of the accident or that appellant ever waived that requirement. On the contrary appellant's agent was insisting on the particulars down to the time this action was begun. (5) It was admitted on the trial

by appellant "after thirty weeks after the date of the alleged accident plaintiff furnished defendant affirmative proof of duration of disability." This affirmative proof of duration of disability was required by the policy and must be furnished within seven months. It was not admitted that this proof of duration of disability was furnished within the time required by the policy. (6) The appellant was not liable in this action if respondent was injured while "violating law, or the rules of any company or corporation." *Bon v. Railway Passenger Co.*, 56 Iowa, 664; *Duran v. Ins. Co.*, 63 Vt. 437; *Standard L. & A. I. Co. v. Jones*, 94 Ala. 434. (7) The insured was not entitled to indemnity in excess of his salary, or the money value of his time. There was no evidence as to the insured's salary or money value of his time. (8) The depositions of Washington, Lindsey and Thompson should have been excluded because not taken in this case. R. S. 1889, sec. 5461; *Samuels v. Withers*, 16 Mo. 532–541; *Parsons v. Parsons*, 45 Mo. 265–267. And before using a deposition the party offering it must show all the facts on which its admissibility depends. *Bryant v. Harding*, 29 Mo. 345. (9) The verdict should have been set aside because of improper statements made to the jury by respondent's counsel in his closing argument.

*John L. Wheeler* for respondent.

(1) The record in this case shows affirmatively that the policy was filed with the justice of the peace at the time this suit was brought, and the justice and circuit court had jurisdiction to try this cause. Same authorities cited in appellant's brief. (2) Appellant's furnishing blanks for proof of injury and duration of disability, and requesting respondent to make them out and return same to appellant, and respondent's acting upon such request as a reasonable man would, and

going to the trouble and expense of procuring same, were facts sufficient to go to the jury on question of waiver. The finding of the jury is conclusive. *Gale v. Ins. Co.*, 33 Mo. App. 664; *Bolen v. Ins. Co.*, 58 Mo. App. 225; *Cohen v. Ins. Co.*, 62 Mo. App. 271; *Crenshaw v. Ins. Co.*, 63 Mo. App. 678; *Equitable, etc., v. Hiett's Adm'r*, 19 U. S. App. 173. (3) Appellant having once refused to pay this claim on the ground of insufficient notice, can not defend on any other ground. *Equitable, etc., v. Hiett's Adm'r, supra.* (4) The depositions of Washington, Lindsey and Thompson were properly admitted in evidence. *Cabanne v. Walker*, 31 Mo. 274; R. S. 1889, sec. 2303; *Field v. Baum*, 35 Mo. App. 511.

SMITH, P. J.—This is an action which was commenced before a justice of the peace on an accident policy of insurance. It was before us by appeal on another occasion, as will be seen by reference to 63 Mo. App. 678, where there is a general statement of the case which, we think, will be found sufficient for a proper understanding of the questions raised by the present appeal. The plaintiff had judgment in the circuit court and defendant appealed.

The defendant objects that the circuit court was without jurisdiction of the cause for the reason that the policy sued on was not filed before the justice. The statute (Revised Statutes, section 6138) requires that before any process shall issue in any suit in a justice's court the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded. In the present case it appears that the plaintiff filed a statement of his cause of action, stating therein that said "policy is hereto attached and made

a part hereof." It further appears from the testimony of plaintiff's attorney, which was received without objection, that the policy in question was attached to the statement at the time the latter was filed by the justice, and that after the trial before such justice the plaintiff's said attorney withdrew it, but that it was put back among the papers in the cause when the same reached the circuit court. It thus appears that the policy, though lodged with the justice before process was issued in the cause, was at no time marked filed by him. The lodgment of the policy with the justice, though not marked filed by him, was a sufficient filing within the meaning of the statutes. *State v. Hocker*, 68 Mo. App. 415; *Collins v. Kanman*, 55 Mo. App. *loc. cit.* 466; *Olin v. Zeigler*, 46 Mo. App. 193; *Grubbs v. Cones*, 57 Mo. 83; Anderson's Law Dict., 459. And the temporary withdrawal of it was ineffectual to deprive the justice of the jurisdiction which had previously attached. *Randall v. Lee*, 68 Mo. App. 561.

There is another reason why, we think, the jurisdictional objection is not available to defendant here.

—:——: appear-ance on appeal. It is this: the appearance of the defendant in the circuit court was general. It did not limit its appearance to making the objection that the court had no jurisdiction of the cause, as it might have done. After this objection was overruled it then proceeded to the trial on its merits. It did not stand on its objection. The circuit court had concurrent jurisdiction with the justice of the action. Sess. Acts, 1891, sec. 3318, p. 107. And the general appearance to the action after the objection to the jurisdiction was ruled adversely to the defendant and proceeding to trial gave the circuit court the requisite jurisdiction of the parties. This latter action of the defendant must be construed to be an admission by it that it was subject to the jurisdiction of the court in

the case.    It was at least a voluntary appearance.  The law gave the court jurisdiction of the subject-matter of the action.

The defendant, under such circumstances, can not now be heard to complain of the jurisdiction of the court.    The court had jurisdiction of the subject-matter of the action and the parties thereto so that the judgment, for either of the reasons just stated, is impregnable to attack for want of jurisdiction in the court rendering it.    *Pearson v. Gielett*, 55 Mo. App. 312, and cases there cited; *Nicholson v. Railway*, 55 Mo. App. 593; *Welch v. Railway*, 55 Mo. App. 599; *Wilkinson v. Simpson*, 56 Mo. App. 276.

The defendant next contends there was no compliance on the part of the plaintiff with that provision of the policy which provides that "the company shall have immediate written notice with full particulars of any accident."    It does not appear from the evidence contained in the record that the plaintiff gave any such notice.    But was this necessary to enable the plaintiff to maintain his action?    We think not, for the reasons we shall now proceed to state.

ACCIDENT insurance: notice of accident: nature of defense: waiver.

While it is true that this action was commenced before a justice of the peace where the defendant was not obliged to plead its defense by answer, yet the evidence and instructions sufficiently inform us of what was the nature of the defense relied upon by it.    From this it appears that the defendant denied all liability to the plaintiff on two distinct grounds, one of which was that the accident which gave rise to the plaintiff's action on the policy resulted from the violation by him of the rules of the Armour Packing Company, a corporation in whose employ he was at the time of the happening of the same.    And the other was that he was not injured at all.    There was considerable evi-

dence adduced having a tendency to both prove and disprove the first of these defenses, and to sustain the latter the defendant's general agent testified that twenty weeks after the accident the plaintiff called at his office and informed him of the same; that plaintiff wanted him to advance money on his claim. This the former declined to do, but stated to the latter that he would call up Dr. Jones, the defendant's examining physician and surgeon, ask him for the particulars of his case, which he accordingly did, and that the doctor replied that "the man has no claim—he has never been injured." The doctor himself testified for the defendant that he examined the plaintiff and that he had sustained no injury. The court, under appropriate instructions for defendant, submitted these two defenses to the jury. It was therefore clear that the defendant in its defense denied all responsibility.

In *McCormack v. Ins. Co.*, 56 Mo. 573, it was ruled that in a suit on a policy of life insurance, where the company in its defense denies all responsibility and refuses to pay anything, such defense amounts to a waiver of notice and proof of death. And to the same effect are *Equitable Life Society v. Hiett's Adm'r*, 19 U. S. App. 173; *Norwich & New York Transportation Co. v. Ins. Co.*, 34 Conn. 561; *Ins. Co. v. Coats*, 14 Md. 285. The adjudged cases are all in accord to the effect that the refusal to recognize the existence of any claim or a refusal to pay renders the delivery of notice and proofs of loss a needless ceremony, and is treated as a waiving of a strict compliance with the conditions as a preliminary notice and proofs in respect to form and time. *LaForce v. Ins. Co.*, 43 Mo. App. 518, and authorities there cited.

In 19 U. S. App., *supra*, it was said that "it is invariably held that a refusal by an insurer to pay a

claim after a loss has occurred because of a breach of any of the substantial provisions of the policy, or because the policy was not in force, or because a loss has occurred in consequence of a risk not covered by the policy, is in itself a waiver of the provision requiring notice and proofs of loss to be submitted within a specified number of days after the loss occurs.'' Citing *Taylor v. Ins. Co.*, 3 How. 391; *Norwich & N. Y. Transp. Co. v. Ins. Co.*, *supra; Thering v. Ins. Co.*, 111 Mass. 93, 110. Accordingly we think that in view of the defenses interposed by the defendant, denying all responsibility, the court was warranted as a matter of law in declaring to the jury that the defendant had waived a compliance on the part of the plaintiff with the condition of the policy in respect to notice of the accident and the production of satisfactory proofs of disability.

The defendant's demurrer to the evidence was properly disallowed. The defendant further complains of the action of the court in giving the plaintiff's second instruction which declared that if the jury found from the evidence that ''the agent of the defendant furnished the plaintiff with blanks to make out his proofs of loss, such act upon the part of said agent would constitute a waiver of notice, provided you further find from all the facts and circumstances in proof that the plaintiff as a reasonable man was led into the belief that no formal notice was required, and that he in consequence went to the trouble and expense of getting up proofs of his injuries.'' No substantial objection can be urged to this instruction. It is too plain for argument that if the defendant furnished plaintiff blanks to make out his proofs of disability that this would constitute a waiver of proof of notice of the accident. If the defendant intended to insist upon a forfeiture on that

ground, why furnish plaintiff with such blanks and thus lead him to believe that if he went to the expense, and trouble of making such proofs that the same would be received? If the defendant intended to insist on a forfeiture on any such ground, common fairness would have required that it so advise the latter when he applied for the blanks to make proof of disability. But instead of doing this it furnished the blanks without objection or reservation. This was sufficient to justify any reasonable man in concluding that the defendant did not intend to insist upon a forfeiture, but intended to waive compliance with this condition. *Crenshaw v. Ins. Co.*, 63 Mo. App. 678. While we think that plaintiff, on account of the defenses interposed by defendant, was entitled, if he had requested it, to an instruction telling the jury as a matter of law that the latter had waived compliance with the condition in respect to notice, yet as he elected to submit this question to the jury under said instruction no harm resulted to the defendant therefrom.

The defendant's criticism of the plaintiff's first instruction we do not think just. It left it to the jury to say whether the injury caused the immediate, continuous, and total loss of business time to plaintiff. This was in substantial accord with the ——: measure of damages: instruction. terms of the defendant's obligation contained in the policy. But the defendant further suggests that the instruction is erroneous in that it authorized the jury in case they found the plaintiff was disabled to allow him $10 per week during the time of his disability not, however, to exceed twenty weeks. It is true the policy in a clause separate and distinct from the general clause in which is contained the obligation to pay $10 during the period of the plaintiff's disability provided that "the insured should not be entitled to indemnity in excess of his salary or the

money value of his time.'' It is also true that the evidence does not disclose what salary, if any, the plaintiff was receiving at the time of the accident, or the money value of his time.

It seems to us that when the plaintiff showed that during the continuance of the policy he had sustained such violent and accidental injuries as were externally visible upon his person, he had made out his *prima facie* right to recover $10 per week indemnity provided in the policy. As part of his *prima facie* case it of course devolved upon him to prove notice of the accident and the production of timely proofs of disability, or, which is the same thing, a waiver thereof. If the defendant would avail itself of the clause just referred to restricting its liability it could do so by way of defense. The restriction was in the nature of a proviso or exception.

In a Massachusetts case, *Cann v. Hart*, 2 Cush. 130, it is said that ''if such instrument contains in it first a general clause and afterward a separate and distinct clause which has the effect of taking out of the general clause something that would otherwise be included in it, a party relying upon the general clause in pleading may set out that clause only without noticing the separate and distinct clause which operates as an exception.'' According to this rule the plaintiff was not bound to set out in his complaint a proviso or exception of the policy nor to prove the same in order to establish his *prima facie* case. *Hester v. Ins. Co.*, 69 Mo. App. 186.

——: construction of policy: damages: exception: pleading.

The defendant complains further of the action of the court in permitting certain depositions to be read in evidence but since the same are not presented by the record in their entirety we are wholly unable to determine whether

DEPOSITIONS: appellate practice: objections too late.

or not they were subject to defendant's objection. It appears that the defendant was present by its attorney at the taking of such deposition and cross-examined the deponents. This was in effect a waiver of objections to the sufficiency of the notice. But the defendant's objections to the depositions do not appear to have been made until plaintiff offered to read them in evidence. It was then too late to make such objections. "A party," says Judge SHERWOOD, in *Delventhal v. Jones*, 53 Mo. 460, "can not be permitted to lie by and lull his adversary into a sense of security by failure to file any motion to suppress his depositions and thus advise him to announce himself ready for trial and then count on springing the question of some informality on him for the first time when he offers to read his depositions in evidence."

The defendant lastly assails the judgment on the ground of the improper remarks of counsel for the plaintiff in his argument to the jury, but of this point we can take no notice for the reason that the bill of exceptions shows nothing of the kind. It is true the motion for a new trial calls the attention of the court to the matter but it nowhere else appears. This is obviously insufficient. The bill of exceptions should set out the remarks of counsel as well as the objections interposed thereto, and the action of the court thereon. *Churchman v. Kansas City*, 49 Mo. App. 366.

CONDUCT of counsel: appellate practice: bill of exceptions.

There were other minor objections to which our attention has been called in the brief of the defendant's counsel but these we have considered and found them without merit. The judgment must be affirmed. All concur.