JOHN COLONIUS, Respondent, *v.* THE HIBERNIA FIRE INSURANCE COMPANY, Appellant.

November 14, 1876.

An adjustment of a loss between the assured and an officer of the insurer does not create an estoppel against the defense, in an action on the policy, that the conditions of the policy had been forfeited so as to discharge the insurer from liability.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Fisher & Rowell* and *W. P. Homer*, for appellant, cited: Harrison *v.* City Fire Ins. Co., 9 Allen, 231 ; Keith *v.* Quincy Fire Ins. Co., 10 Allen, 228 ; American Ins. Co. *v.* Padfield, C. L. N., Jan. 22, 1876, p. 138 ; Marion *v.* Great Republic Ins. Co., 35 Mo. 149 ; May on Ins. 618, sec. 505, p. 261, sec. 507 ; Security Ins. Co. *v.* Foy, 22 Mich. 473 ; Jewett *v.* Home Ins. Co., 29 Iowa, 562, 565 ; Pickard *v.* Sears, 6 Ad. & E. 469 ; Firley *v.* Lycoming Mutual Ins. Co., 30 Pa. St. (6 Casey) 311 ; Pettergill *v.* Kicks, 9 Gray, 169 ; Westlake *v.* St. Lawrence Mutual Fire Ins. Co., 14 Barb. 217 ; Murphy *v.* People's Equitable Mutual Fire Ins. Co., 7 Allen, 239 ; Noonan *v.* Hartford Fire Ins. Co., 21 Mo. 81.

*Wm. Kreiter*, for respondent.

LEWIS, J., delivered the opinion of the court.

The defendant issued to plaintiff a policy, insuring an engine and machinery against loss by fire to the amount of $1,500. Among the conditions of insurance made part of the policy was one in the following words : "If the premises are, at the time of insuring or during the life of the policy, vacant, unoccupied, or not in use, and remain thus for over ten days, whether by removal of the owner or occupant, or for any cause, without this company's consent is indorsed thereon, this insurance shall be void and of no effect." Another condition required that, in case of a loss, affidavits should be made by the assured concerning certain matters, with a stipulation annexed that, "if there appear any fraud or false swearing, the insured shall forfeit all claims under this policy." The defendant's answer set up a specific violation of each of these conditions, and the plaintiff replied, putting the same in issue. The cause being tried before the court sitting as a jury, judgment was rendered for the plaintiff, from which the defendant appealed.

The petition alleged that, after the destruction by fire of the insured property, the loss was adjusted by and between plaintiff and defendant, and $1,325 was thus agreed upon between them as the proper sum to be paid for plaintiff's indemnification. At the trial the plaintiff gave testimony tending to prove such adjustment, and that defendant's agent gave him a draft on the company for the amount, which was never paid. Defendant offering to prove by the plaintiff himself that the premises had been vacated in violation of the terms of the policy, objection was made by the plaintiff that this was a case of an adjusted policy, and, therefore, the testimony was inadmissible. The objection was sustained, and the testimony excluded. A question was then asked by defendants, which appeared to be preliminary to an inquiry into the truth or falsity of plaintiff's

affidavits in proof of his loss.  This was objected to on similar grounds, and the objection was sustained.

The question thus presented by the record is whether, in case of a loss under a policy of insurance, and an adjustment and agreement between the parties upon the amount of money which will cover the loss sustained, the insurer will be thereupon precluded from showing, in defense against a suit on the policy, that the conditions of the latter had been previously forfeited so as to discharge him from liability.  The circumstance of a draft having been given by the agent to the holder of the policy can have no influence on the question, where, as in the present case, the suit is not upon the draft, but upon the alleged original liability.

The only conceivable form of objection to such a defense must appear in a supposed waiver or estoppel.  A waiver of conditions, if not expressed, can only be inferred from facts which would estop the party from asserting such conditions.  There being no express waiver before us of any stipulation in the policy, it must be shown, in order to exclude the defense offered, that the adjustment constituted an estoppel.  Thus:  " Where one, by his words or conduct, willfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time."  *Pickard* v. *Sears*, 6 Ad. & E. 469.  The most common application of this rule to insurance cases is where, by accepting payment of the premiums as they fall due, a company has treated a policy as still in force.  When thus, by its declarations and conduct, it has induced the insurer to rest securely in the belief that he is fortified against loss, and prevented him from looking elsewhere for protection, " every consideration of honesty and good faith forbids that it should disappoint the expectations it has fostered."  But in the mere ascertainment

of the amount of loss which the assured has sustained we can find no such elements of estoppel. He is caused to believe nothing as to any existing fact, unless it be that the company intends to pay him. Mere intentions, however, may be altered; and no man has a right to act upon a presumption of their permanence. In *Murphy* v. *People's Equitable Mutual Fire Insurance Company*, 7 Allen, 239, the company had, by a vote of its directors, authorized two of its officers to settle the claim of the policy-holder, and partial payments were actually made. In a suit on the policy the company answered that certain statements by the assured, in his application, were untrue, whereby the policy was avoided. The court held that the facts presented no estoppel against this defense. The language of Dewey, J., seems altogether appropriate to the present case: "The mere purpose to make payment, if it existed, until it became an obligation to pay founded upon some sufficient consideration, would not entitle the plaintiff to recover. Whatever may have been the first impressions and purposes of the officers of the company, if they were not carried into effect, the defendants had the right to set up this substantial defense in avoidance of the policy. We do not see that the plaintiff has ever forborne any rights, or in any manner changed his relation to this claim, by reason of the alleged acts of the officers."

We are of opinion that the Circuit Court erred in rejecting the testimony offered by the defendant, and for this reason the judgment must be reversed and the cause remanded. All the judges concur.