Joseph P. Card, Appellant, *v.* Phœnix Insurance Company, Respondent.

November 6, 1877.

1. A fire insurance policy stipulated that if the property insured " be sold or transferred, or any change take place in title or possession, or if the interest of the assured in the property, as owner, trustee, mortgagee, or otherwise, be not truly stated in the policy," then the policy should be void. The insured, S. and N., were copartners ; they subsequently admitted K. to the partnership, and, before loss, S. sold his interest to N. and K., and took from them a chattel mortgage to secure the entire purchase-money. *Held*, that this was such a change in title and possession as to avoid the policy, and that taking the mortgage to secure the entire purchase-money did not affect the question.

2. A statement made after the loss, by the insurer's agent, to the effect that he, the agent, thought the loss an honest one, and supposed the insurer would pay the share of the partner who did not sell, is not a waiver of the insurer's rights.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

LEVERETT BELL, for appellant : A condition in a policy avoiding it if the property be sold is not broken by the sale of an interest in the property; the policy covers the interest remaining in the assured. — *Scanlan* v. *Insurance Co.*, 4 Biss. 511 ; *Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385 ; *Insurance Co.* v. *Helfenstein*, 40 Pa. St. 289 ; *Ayers* v. *Insurance Co.*, 17 Iowa, 176 ; *Mauley* v. *Insurance Co.*, 1 Lans. 20. Such a condition has no application, in case of a policy issued to a firm, to a transfer between the parties. — *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405, and cases cited. A sale does not change the title where a mortgage to secure the purchase-money is taken back. — *Kitts* v. *Insurance Co.*, 56 Barb. 177 ; *Morrison* v. *Insurance Co.*, 18 Mo. 262. Waiver. — *Horwitz* v. *Insurance Co.*, 40 Mo. 560 ; *Northup* v. *Insurance Co.*, 47 Mo. 435 ; *Biresche* v. *Insurance Co.*, 31 Mo. 546 ; 11 Mo. 278 ; 55 Mo. 585 ; 57 Mo. 321 ; *Insurance Co.* v. *Kiemier*, 5 Cent. L. J. 127 ; *Viele* v. *Insurance Co.*, 26 Iowa, 9.

PHILLIPS & STEWART and MARTIN & LACKLAND, for respondent : Under such a condition in the policy, as in this case, an alienation of part of the property insured avoids the policy. — *Breher* v. *Insurance Co.*, 18 Mo. 128 ; *Finlay* v. *Insurance Co.*, 30 Pa. St. 311 ; *Hartford Fire Ins. Co.* v. *Ross*, 23 Ind. 179 ; *Dix* v. *Insurance Co.*, 22 Ill. 272 ; *Savage* v. *Insurance Co.*, 52 N. Y. 504.

BAKEWELL, J., delivered the opinion of the court.

This is a suit by the assignee of a policy of fire insurance. The policy, which is for $1,000, insures Shultis & Neill against loss or damage by fire to certain property owned by

them, and is dated January 18, 1875. After the insurance was effected, Shultis & Neill admitted one Kribbee as a copartner, his interest to be one-third. On November 1, 1875, Shultis sold out to his copartners, Neill and Kribbee, his interest in the partnership and in the property insured ; and the remaining partners gave Shultis a chattel mortgage upon the property insured and other property of the firm, to secure the price for which he had sold his interest. There was no notice to the defendant of the change of ownership and possession, or of the encumbrance. The policy of defendant contained the following provision :

" Or if the property be sold or transferred, or any change take place in *title* or *possession*, whether by legal process or judicial decree, or voluntary transfer or conveyance, or if this policy shall be assigned before a loss, without the consent of the company endorsed thereon, or if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in this policy," * * * " then, and in every such case, this policy shall be void."

The loss occurred January 6, 1876. The defendant, in its answer, set up the breach of the above-recited condition of the policy as a defence. On the trial, the facts, substantially as stated, appeared in evidence ; and the court instructed the jury that, on the evidence, plaintiff was not entitled to recover. Plaintiff took a nonsuit, and brings the case here by appeal.

It is held in Pennsylvania (6 Casey, 311), Indiana (23 Ind. 179), and Illinois (22 Ill. 272), that, where insurance is effected by copartners, a sale of all his interest by one partner to his copartner will avoid a policy which declares that alienation, by sale or otherwise, will forfeit the policy. The New York cases are directly the other way, and decide that a sale to a partner by his copartner is not such an alienation as will avoid a policy ; and the New York doctrine in this respect is, perhaps, generally followed. May

on Ins. 475, and note. . But we believe it has never been held that a clause such as that contained in the policy sued on would not be violated by an assignment of the interest of one of the partners to a stranger, or that an assignment by one partner of his interest to a stranger would not avoid a policy containing such a condition as the one under consideration in this case. It has been held, indeed, in some cases, that, where the policy was to become void " in case of transfer or termination of the interest of the assured in the property insured," the policy will not be avoided so long as an insurable interest remains. *Hitchcock* v. *Insurance Co.*, 26 N. Y. 68. But, where the condition is that there shall be no transfer of, or change in, title or possession, irrespective of insurable interest, it seems to be universally held that a transfer by a partner, to a stranger, of his title to and possession of the property insured avoids the policy. *Savage* v. *Insurance Co.*, 52 N. Y. 506.

In this State it has even been held that where one of the conditions of the policy of two partners is that " any transfer or change of title in the property insured should avoid the policy," a dissolution of partnership before loss, and division of the goods, so that each partner owned distinct portions, is a change of title within the meaning of the condition, and avoids the policy. *Dreher* v. *Insurance Co.*, 18 Mo. 128. We consider, therefore, that the transfer by one of the partners to a stranger, as detailed in the evidence in this case, was fatal to a recovery on the policy. The title and possession at the date of insurance were in Shultis & Neill, and at the date of loss both title and possession were in Neill & Kribbee, and that by the voluntary act of one of the insured.

It is, however, urged by appellant that inasmuch as it appears by the testimony of Neill that no money was paid for the property sold ; that a mortgage was given by Neill & Kribbee for the entire consideration, which was unpaid at

the time of the fire; and that Kribbee worked in the shop and Neill remained in charge of the premises as before, up to the time of the fire, the bill of sale effected no real change in the ownership. But it cannot be said that a conveyance of the property and taking back a mortgage for the purchase-money is not both a sale and transfer and a change of title. By the terms of the agreement, a change of title puts an end to the policy. The courts have no power to do away with a condition which the insurer saw fit to impose and which the insured accepted. There are good reasons for such a condition. It is obvious that the owner may have an interest in preserving the insured property, and the mortgagee may have an interest in its destruction. The company did not insure Shultis the mortgagee, but Shultis the owner. The conveyance constituted such an alienation as defeated the policy, by its terms, and the fact that a mortgage was taken for the entire purchase-money does not affect the question. — *Abbott* v. *Insurance Co.*, 30 Me. 414 ; *Savage* v. *Insurance Co.*, 52 N. Y. 507.

There is testimony tending to show that, after the fire, the agent of the company examined the premises and advised Neill to call at the office, saying that he thought it was an honest loss, and supposed defendant would pay it without any trouble; that he thought Neill's interest should be secured, but he did not think Shultis had any interest in the policy whatever. Appellant contends that this is evidence tending to show a waiver of the condition as to alienation, made with a full knowledge of the facts. An agent may, under some circumstances, by his acts waive a forfeiture and estop the company to set it up. But the condition as to non-alienation is not in the nature of a forfeiture, and we see no evidence whatever of any authority in the agent to nullify an essential condition of the contract. His expressed opinion that the company would regard the loss as an honest one, and pay Neill for his share, was no promise that this would be done; and, if it was, it was

without consideration.    It was no waiver of any of the
company's legal rights.

The Circuit Court committed no error in instructing the
jury that the plaintiff could not recover on the evidence;
and the judgment is affirmed, with the concurrence of
Judge LEWIS.   Judge HAYDEN, of counsel below, did not sit.