GERHART REALTY COMPANY, Appellant v. NORTHERN ASSURANCE COMPANY, Respondent.

St. Louis Court of Appeals, October 23, 1900.

1. **Insurance: ACTION ON POLICY: NO NEW CONTRACT: NONSUIT, ERRONEOUS.** An ascertainment made by plaintiff and the company's agent as to the value of the loss caused by fire to plaintiff's building, does not constitute an abandonment of the provisions of the policy, or amount to a new contract, and a nonsuit directed by the court against plaintiff in a suit on the policy, on the ground that the suit must be brought on the new contract, is erroneous.

Gerhart Realty Co. v. Northern Assur. Co.

2. ———: ———: ———: CONDITIONS OF POLICY. The ascertainment as to the amount of the loss sustained by plaintiff was without any consideration and not enforcible, and only indicated a purpose by the company to settle for the loss in compliance with the conditions of the policy, which required the parties to agree among themselves as to the amount of the loss.

3. ———: ———: NOTICE OF LOSS WAIVED. By unconditionally consenting to the adjustment, the agent will be considered to have waived the formal notices of loss and the formal proofs of loss.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty*, Judge.

REVERSED AND REMANDED.

*Kehr & Tittmann,* and *M. C. Early* for appellant.

The evidence shows that plaintiff held a policy of insurance on its property as described, and that on October 13, 1898, a fire occurred in said building, causing considerable damage thereto. The plaintiff immediately notified defendant of the said damage and defendant thereupon instructed plaintiff to cause an estimate to be made of the costs of making the repairs rendered necessary by the fire and to submit the same to it, which was done. It approved and accepted the bid as submitted and the repairs were made at the price and sum therein named. Notice and proof of loss were by these acts waived. These were merely conditions precedent to a recovery, and the defendant had the undoubted right to waive any one or all of them, and did waive every condition precedent to a recovery in said policy named. McCollum v. Niagara Fire Ins. Co., 61 Mo. App. 352; Fink v. Ins. Co., 60 Mo. App. 673; McCollum v. Fire Ins. Co., 67 Mo. App. 76; Landrum v. Ins. Co., 68 Mo. App. 339.

*Fauntleroy, Howe & Fauntleroy* for respondent.

"Where an insurance company, after a loss, has adjusted the claim therefor, and has agreed to pay a certain sum in liquidation of the claim, it can not, in an action setting forth such facts, object that the action was not brought within the time limited in the policy. In such a case, the action is not upon the policy, but upon the agreement to pay." Wagner v. Dwelling-House Ins. Co., 22 Atl. Rep. 885; 143 Pa. 338; Saville v. Ins. Co., 8 Mont. 419-420; 29 Ins. Law Journal 382.

BIGGS, J.—This is an action on a policy of insurance to recover for the partial destruction of a building by fire. The action was begun before a justice of the peace, and the complaint is in the usual form of petitions on fire insurance policies. On a trial in the circuit court, the evidence introduced by plaintiff tended to prove that for the purpose of ascertaining the amount of damage done to the building, the plaintiff and the agent of the defendant agreed that plaintiff should have his builder make an estimate of the cost of the repairs and that he should submit a bid for the work; that in pursuance of this agreement the estimate was made and the bid submitted, which was agreed to by the agent, and that he thereupon agreed that the work should be done for the stated amount, which was subsequently done and paid for by plaintiff. The evidence also tended to prove that the agent promised to pay one-half of the cost of the repairs, that being the defendant's pro rata share of the loss. Upon this evidence the circuit court directed a nonsuit, and the plaintiff has appealed.

The theory of the circuit court, as indicated in the briefs of the defendant, was that the adjustment or ascertainment of the loss as above stated and the agreement of defendant's

local agent to pay the defendant's portion thereof, constituted a new contract, and that the plaitinff should have declared on it, and not on the original contract as represented by the policy.

We can not accept the above view. The alleged new contract is without consideration. There is no evidence that any advantage accrued to either party by reason of the adjustment. The adjustment itself furnishes no consideration, for the reason that the policy provides that in case of loss the ascertainment or estimate of the amount should be made by the insured and the company, and if they could not agree, arbitrators or appraisers should be selected. The evidence shows they did agree. As there is no dispute in the evidence that the plaintiff's loss equalled that estimated by the builder, and as there is no proof that payment was to be made otherwise than provided in the policy, we can conceive of no valid consideration for the alleged new agreement.

But waiving the question of consideration and the provision of the policy providing for an adjustment, we deny that the legal effect of the transaction between plaintiff and defendant's agent was to make a new and independent contract. The acts of the agent in so far as he represented and could bind the company merely indicated a purpose or intention on the part of the defendant to settle the claim and make some allowance to plaintiff for the loss. As was stated by the Court of Appeals of the State of New York (Murphy v. Insurance Company, 7 Allen 239), "the mere purpose to make payment, if it existed, until it became an obligation to pay, founded upon a sufficient consideration, would not entitle the plaintiff to recover." In that case the board of directors of the defendant company had authorized its officers to settle the plaintiff's loss, and they had made a partial payment thereon. In an action on the policy to recover the balance of the loss, the court held that the insurance company was not estopped by

reason of the adjustment and partial payment to show that the conditions in the policy had been forfeited so as to discharge it from liability.

So in Colonius v. Hibernia Fire Ins. Co., 3 Mo. App. 56, this court decided that where the agent of the insurance company and the plaintiff had agreed on the loss and the agent had delivered to the plaintiff a draft on the company for the amount, the defendant was not precluded from showing in defense of an action on the policy that the conditions of the policy had been previously forfeited. It was ruled that the dealings between the plaintiff and the agent merely tended to show an intention to pay the loss, which intention might at any time be altered.

Our conclusion is that the transaction between the plaintiff and the agent of the defendant must be regarded as only a compliance with that condition of the policy, which required the parties to agree among themselves as to the amount of the loss. When that was done all other questions were left for future adjustment. It may be remarked here that by unconditionally consenting to the adjustment the agent will be considered as having waived (as he might do) the formal notice of loss and formal proofs of loss. His acts, however, can not be accepted as evidence of a waiver of any other conditions in the policy. For these reasons we think that the action was properly brought on the policy, and therefore the circuit court committed error in directing a nonsuit.

The judgment of the circuit court will be reversed and the cause remanded. Judge *Bland* concurs; Judge *Bond* dissents.