C. H. BROWN BANKING COMPANY, Respondent, v. Z. H. BAKER, Defendant; AETNA INSURANCE COMPANY, Garnishee, Appellant.

Kansas City Court of Appeals, May 11, 1903.

1. **Accord and Satisfaction: PART PAYMENT: GARNISHMENT.** Payment of part of a debt or liquidated damages for the whole is not a satisfaction for the entire debt; and where an insurance company agreed with the insured that his damages for a loss were so much and subsequently gave him a draft for a less amount, an execution creditor of the insured may garnishee the remainder in the hands of the insurer.

2. **Liquidated Damages: SETTLEMENT WITH INSURANCE COMPANY.** Where an insurer and the insured agree and adjust the amount of damages growing out of a loss, such damages are thereby liquidated.

3. **Evidence: GARNISHMENT: INSURANCE: ADJUSTMENT: PLEADING.** After the insured and insurer had adjusted the loss, the insurer was summoned as garnishee of the insured, and on the trial of the issues offered to prove that it had made subsequent discoveries and received information which tended to invalidate the policy, but did not set up such defense in its pleading: *Held,* the evidence was properly refused.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*M. A. Fyke* and *Ed. E. Yates* for appellant.

(1) Accord and satisfaction is the substitution of another agreement between the parties, in satisfaction of a former one, and the execution of the latter agreement; and this constitutes a bar to any action on the original claim. Swofford Bros. D. G. Co. v. Goss, 65 Mo. App. 55; Giboney v. Ins. Co., 48 Mo. App. 185; Grumley v. Webb, 48 Mo. 562; Perkins v. Headley, 49 Mo. App. 556; Maack v. Schneider, 51 Mo. App. 92; Deutman v. Kilpatrick, 46 Mo. App. 629. (2) Where an adjustment and agreement upon the amount of money, which will cover the loss sustained, is reached, and a draft given to the holder of a policy, the debt does not thereby become liquidated, so as to preclude the insurer from setting up any defenses he might have on the policy. Colonius v. Ins. Co., 3 Mo. App. 56. (3) The garnishee can not be placed in a worse position than if it had been directly sued by the debtor in the attachment suit, and an attaching creditor can not maintain a claim where defendant can not recover. Weil v. Tyler, 38 Mo. 545; Water Co. v. Harkness, 49 Mo. App. 357; Firebaugh v. Stone, 36 Mo. 111; Tent Co. v. Bank, 57 Mo. App. 19; McPherson v. Railroad, 66 Mo. 103. (4) The denial of the garnishee's answer stands in the place of a petition and the issues of the case are made by the denial and the reply thereto. Bank v. Dillon, 75 Mo. 380; Groschke v. Bardenheimer, 15 Mo. App. 353; McQuarry v. Geyer, 57 Mo. App. 213.

*Thurman, Wray & Timmonds* for respondent.

(1) There is no accord and satisfaction shown by this record; there being no consideration for the agreement to accept $1,000 in payment of the debt, the accord is unexecuted and invalid. Dry Goods Co. v. Goss, 65 Mo. App. 60; Coblentz v. Mfg. Co., 40 Ark. 181. (2) The contract to pay the $1,253.05 was complete,

and Baker had performed his part of it. Garnishee could not have questioned it on any ground without returning the policy received on the faith of it. It was more than an account stated, and any modification of that contract, in order to be binding, must have been based on a new consideration. Moomaw v. Emerson, 80 Mo. App. 318; Starck v. Mesker, 55 Mo. App. 35; Lingenfelder v. Brewing Co., 103 Mo. 593; Smith v. McCall, 63 Mo. App. 631; Peck v. Harris, 57 Mo. App. 467; McFarland v. Heim, 127 Mo. 327; Williams v. Williams, 67 Mo. 665; McCormick v. Railway, 154 Mo. 191. (3) The payment of a part of a debt of liquidated damages is not a satisfaction of the whole even where the creditor receives the part for the whole and receipts for the whole demand. Riley v. Kershaw, 52 Mo. 224; Coal Co. v. St. Louis, 145 Mo. 656; Young v. Schofield, 132 Mo. 670; Wetmore v. Crouch, 150 Mo. 683; Winter v. Railroad, 160 Mo. 159; McCormick v. St. Louis, 166 Mo. 331; Goodson v. Masonic Assn., 91 Mo. App. 351. (4) The payment of debt clearly due is not a good consideration for any kind of a promise. Swaggard v. Hancock, 25 Mo. App. 596; Willis v. Gammill, 67 Mo. 730; Tucker v. Bartle, 85 Mo. 120; Long v. Towl, 42 Mo. 545.

BROADDUS, J.—This is a proceeding by garnishment upon execution arising out of the following facts:

May 2, 1900, the appellant issued to Z. H. Baker a policy of insurance covering $1,400 on his dwelling house and $200 on household goods, for the period of one year. There was $600 additional concurrent insurance in another company. December 6, 1900, a fire occurred which destroyed the dwelling house and damaged the personal property. On December 14, 1900, the appellant's adjuster went to Sheldon, where the property was situated, to adjust the loss; an agreement was reached between the insurance company and Baker fixing the amount to be paid by the insurance company

at $1,270. The insured desired the cash, and as under the terms of his policy, the same was not due for sixty days, a discount was taken from the $1,270, which left the amount $1,253.05. Proofs of loss were made by Baker on December 14, and on the same date defendant's adjuster drew a draft on the company in favor of Baker for $1,250.05, which draft was delivered to Baker and by Baker indorsed and delivered to the Farmers' Bank of Sheldon for collection. It appears that Baker was indebted to C. H. Brown Banking Company, but at that time no suit had been brought by the Brown Banking Company against Baker upon said indebtedness. Before the draft was paid, an officer of the C. H. Brown Banking Company went to Sheldon and informed the agent that the bank held a mortgage on Baker's property and requested the agent to notify the insurance company and ask the insurance company to refuse to pay the draft.

In compliance with this request Mr. Jones, the agent of the insurance company at Sheldon, wired the insurance company at Omaha to refuse payment of the draft and also on the same day wrote the insurance company a letter advising it of the mortgage and suggesting that the draft be dishonored. The draft was protested December 17, 1900, and not paid. On December 18, 1900, the Brown Banking Company brought an attachment suit against Baker in the circuit court of Vernon county, Missouri, and on the same date caused the Farmers' Bank of Sheldon to be garnisheed. That suit resulted in a judgment February 25, 1901, against Baker for $1,082.64 and costs. On February 27, 1901, execution was issued upon said judgment and on March 2, 1901, process of garnishment was served upon the appellant. After the first draft was protested Baker opened up negotiations with the agent of the insurance company at Sheldon (Mr. Jones), which resulted in an agreement on the part of Baker to accept $1,000 in full settlement of his claim against the appellant, and on

January 7, 1901, a draft was given to Baker for $1,000 and Baker executed and delivered to appellant a release, releasing it from all claims and demands under said policy. Baker on the next day collected the money on this draft. On May 27, 1901, interrogatories were filed by the respondent and on June 3, 1901, appellant filed answer denying any indebtedness to Baker and on the same date respondent filed a denial which is set forth in full in the abstract of the record, and on June 7 appellant filed a reply to said denial and on the issues thus raised the case was tried before the court without a jury, and the result was a judgment against the appellant in the sum of $253.05.

The evidence fails to disclose that there was any consideration for the new arrangement whereby Baker agreed to take $253.05 less than the amount originally agreed upon and for which he had accepted a draft and surrendered his policy; and there was no evidence that there arose any dispute as to the correctness of the first settlement of his loss as a basis for the new agreement.

On the trial the garnishee offered to show that it had made discoveries and received information which tended to invalidate the policy, and offered to show facts which would tend to prove that appellant "did not owe defendant anything," which offer was refused by the court.

The defendant contends that the transaction amounted to an accord and satisfaction. This position can not be sustained under the facts. There was no disagreement between defendant and the garnishee as to the original adjustment of the loss, and no question between them whatever as to its correctness. It is not disputed that had there been any mistake in said adjustment, or any dispute whatever as to its correctness, but what the subsequent settlement would have been valid. It is apparent, however, that when defendant was informed that plaintiff was a creditor and was claiming an interest in the property insured, it induced Baker

to enter into the subsequent settlement in order that it might get the advantage of whatever deduction Baker might be willing to make for the purpose of getting the money, and thus prevent plaintiff from collecting its debt. It is well settled that payment of a part of a debt or of liquidated damages for the whole is not a satisfaction of the entire debt. Riley v. Kershan, 52 Mo. 224; Pollman Coal Co. v. St. Louis, 145 Mo. l. c. 656; Winter v. Railway, 160 Mo. 159; Goodson v. Acc. Ass'n, 91 Mo. App. 339.

But appellant contends that the amount agreed upon in the original settlement was not liquidated damages. If anything could be, it was. See Bouvier's Law Dictionary, and authorities there cited.

As there was no legal consideration for the subsequent agreement, it stands as if it had never been made. Under the authorities cited, Baker could sue and recover for the part of the liquidated damages unpaid, and it follows necessarily that plaintiff was entitled to recover.

Garnishee cites the case of Colonius v. Hibernia Fire Ins. Co., 3 Mo. App. 56, for authority for its contention that the original adjustment of Baker's claim against it did not become liquidated so as to preclude the insurer from setting up any defense he might have on the policy. But no defense was set up in defendant's pleading, save that the claim of Baker had been compromised and paid; which, as we have seen, it wholly failed to establish. It was not error of the court to reject the offer of defendant to prove facts invalidating the policy, because no such defense was pleaded.

There are no other questions worth consideration in the case. Cause affirmed. All concur.