GEORGIA BOREN, Appellant, v. BROTHERHOOD
OF RAILROAD TRAINMEN, Respondent.

**Kansas City Court of Appeals, June 13, 1910.**

1. **INSURANCE: Benefit Certificate: Waiver.** A benefit certificate of insurance required a notice of the death to be given within six months. The notice was not given, and a waiver was claimed on the ground that four years afterwards the insurer refused to furnish blank proofs for the reason that it disclaimed all liability. *Held,* that there was no waiver.

2. ———: ———: **Estoppel.** To constitute a waiver after the time for proof of death has expired, there must have been some act of the insurer in the nature of an estoppel.

3. ———: ———: **Pleading: Consistent Defenses.** The insurer may properly deny by answer all liability on the ground of forfeiture for failure to pay dues, and also allege a failure to make proof of death within the time limited by the contract.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*M. E. Casey* and *H. S. Julian* for appellant.

No proofs of death are required where the defendant denies liability *in toto.* Weber v. A. O. of Pyramids, 104 Mo. App. 730; Gratin v. Insurance Co., 80 N. Y. 281; Covenant Mutual v. Spies, 114 Ill. 463.

*Brewster, Kelly, Brewster & Buchholz* for respondent.

ELLISON, J.—Plaintiff is the widow of Charles Boren, deceased. He took a benefit certificate of insurance from defendant for $1350, dated the 26th of March, 1904. He died the 14th of September following, and in something more than two and one-half

years thereafter this action was begun on the certifi-
cate. The judgment was for the defendant.

The certificate of insurance required that proofs
of death of the assured be made "in accordance with
the constitution and by-laws of the brotherhood." It
was shown that section sixty-four of such constitution
and by-laws provided that proofs of death should be
made within six months after decease. No proofs were
made, either within that time or afterwards.

But plaintiff insists that the proofs of death were
waived by defendant in refusing plaintiff's request to
furnish blanks upon which to make the proof and in
denying all liability. This waiver is based upon a
letter from plaintiff's attorney after this action was
begun, viz., May 27, 1908, which was more than four
years after the death. In that letter plaintiff asked
for blanks and defendant answered stating that de-
ceased was expelled September 1, 1904, for non-payment
of dues, and that "we assume no liability whatever."
To constitute an effectual waiver the assured must have
done something within the time when the act could have
been performed under the contract, which induced the
assured to believe it would not be required. Or, if it
be claimed that a waiver was made after the time for
performance had passed by, it must have been by some
act in the nature of, or possessing some elements of,
estoppel, such as induced the assured to change his
position, as for instance, and merely by way of illus-
tration, he was induced to go to additional expense.
[Bolan v. Fire Ass'n, 58 Mo. App. 225; Cohn v. Insur-
ance Co., 62 Mo. App. 271; Dolan v. Ins. Co., 88 Mo.
App. 666, 674.] We understand this to be the view
of the Supereme Court. [Dezell v. Fidelity and Cas-
ualty Co., 176 Mo. 256, 267, 273-279.] In a recent case
our Supreme Court said that if the insurer "knowingly
induces the insured to believe that he will waive the
formal proof of loss, and the insured, acting on that
belief, fails to make the proof, the insurer cannot es-

cape liability on that ground." [Loewenstein v. Queen Ins. Co., 227 Mo. 100, 127 S. W. Rep. 72.]

Defendant's answer pleaded in defense the failure of deceased to pay his dues and that in conformity to the by-laws of the association his membership had been cancelled and that he was not a member at his death. It then further alleged that plaintiff had failed to make proof of death. The defendant had a right to set up both defenses.

The fact that near *four years after* proof of death should have been made defendant disclaimed all liability, was certainly no excuse to plaintiff for not furnishing proof within six months after the death. A disclaimer at that time could not, of course, have influenced plaintiff's action.

But it is insisted that as defendant is an organization under the laws of Ohio, and did not show that it had complied with our statute giving it a right to do business in this State, it should not have been allowed to prove its constitution and by-laws. There are several objections to allowing plaintiff this claim. Among others is that she, herself, introduced parts of such constitution and by-laws. Indeed she produced a copy of all such laws and the fact of their being a copy was waived. It would not be proper to refuse defendant the right to use the by-laws after having allowed their use to plaintiff. But, while unnecessary, we may say that aside from this, we think the record, in its entirety, properly and fairly construed, will show that there was no objection made when they were introduced.

No proofs were made, and the claim of a waiver is not supported by any evidence tending to show a waiver within the views we have expressed, and the judgment must be affirmed. All concur.