LEVI H. CHANDLER et al, Respondents, v. THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, June 1, 1914.

1. **LIFE INSURANCE: Proofs of Death: Waiver.** Plaintiffs sued upon a life insurance policy on which default had been made by the insured after paying six annual premiums. Under sections 6946-48, R. S. Mo. 1909, extended insurance was created and the insured's death occurred within the term of that insurance, and plaintiffs sued claiming the full amount of the policy as extended insurance. They failed to furnish proofs of death within ninety days as required by section 6948. The policy itself, without regard to the statute, provided for paid-up insurance, payable at death, in the sum of $219, and specified no time in which proofs of death must be furnished. The company recognized its liability for paid-up insurance but refused to pay the extended insurance demanded by plaintiffs. Nothing was done by the company to cause or induce plaintiffs to fail to give the notice within the time required by the statute. After that time expired it received plaintiff's defective proofs and requested others telling plaintiffs it was only liable for the paid-up insurance. Plaintiffs nevertheless furnished the additional proofs in support of their claim for extended insurance, the company insisting at the time and at all times thereafter that the liability under the policy was for paid-up insurance: *Held*, that while the company could waive the failure to furnish proofs within 90 days, yet that it did not do so, and the only amount recoverable under the policy is the paid-up insurance called for therein.

2. ————: ————: ————: **Power to Waive.** Parties to an insurance contract cannot contract away a right created by statute for the benefit of the insured. To permit that would enable the insurer to nullify the statute by properly drafting the policy. But a provision for the benefit of the insurer can

be waived by it, since there is no rule of law or public policy requiring the company to be protected to the extent that it cannot waive a requirement made not for the insured but for the benefit of the insurer.

3. ———: ———: ———. In a question of waiver it is important whether the acts relied upon as constituting waiver occurred before or after the time for furnishing proofs had elapsed. If after that time, the acts must possess some elements of estoppel. Mere receipt of proofs after the time has expired is not a waiver. And in such case, unless the acts of the company induce the beneficiaries to change their position for the worse, for example, go to some expense on that account, there is no waiver.

4. PRACTICE: Suit for Extended Insurance, Right to Judgment for Paid-up Insurance. The cause of action being on the policy, and the petition being sufficient to support a judgment for whatever insurance is due on the policy, it is within the power of the appellate court, upon reversal of a judgment for extended insurance, to remand the cause with directions to render judgment for the paid-up insurance shown and admitted to be due.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris, Judge.*

REVERSED AND REMANDED (*with directions*).

*Harris & Finley, Frank H. Sullivan* and *Leahy, Saunders & Barth* for appellant.

(1) As notice of claim and proofs of death were not furnished within ninety days, as required by the statute (R. S. 1899, Sec. 7899, R. S. 1909, Sec. 6948), the plaintiffs were not entitled to recover. (2) Net value defined. Rose v. Ins. Co., 153 Mo. App. 98. (3) Parties cannot annul the provisions of the statute by their executory agreement, contemporaneous or subsequent. Smith v. Ins. Co., 173 Mo. 141; Burridge v. Ins. Co., 211 Mo. 178; Head v. Ins. Co., 241 Mo. 418; Christensen v. Ins. Co., 155 Mo. App. 193. (4) One suing upon a statutory cause of action must bring himself within the statute. Taylor v. Railroad, 207 Mo. 500; Kingston v. Newell, 125 Mo. App. 391. (5) A quali-

fied denial of liability is no waiver of proofs. 19 Cyc. 87; Ins. Co. v. Winfield, 6 Kas. App. 531. (6) An unqualified denial of liability after the time for proofs has expired is no waiver of the failure to furnish them. Erwin v. Ins. Co., 24 Mo. App. 151; Gale v. Ins. Co., 33 Mo. App. 672; Bolan v. Ass'n, 58 Mo. App. 231; Cohn v. Ins. Co., 62 Mo. App. 275; Boren v. Brotherhood, 145 Mo. App. 137; 4 Cooley Br. Ins., p. 3537 and cases cited; Brink v. Ins. Co., 70 N. Y. 594; Ins. Co. v. Waldron (Ark.), 114 S. W. 210. (7) Accepting proofs after the time has expired for furnishing them, is no waiver. Ins. Co. v. Kyle, 11 Mo. 290; Cohn v. Ins. Co., 62 Mo. App. 276. (8) The request for proofs in connection with the paid-up insurance was no waiver of the failure to furnish them within the time allowed by law for extended insurance. Gale v. Ins. Co., 33 Mo. App. 672; Cohn v. Ins. Co., 62 Mo. App. 277; Crenshaw v. Ins. Co., 63 Mo. App. l. c. 681. (9) The policy provided for an unconditional right to paid up insurance in excess of the value secured by our statute, and hence the policy is exempted from our non-forfeiture law. R. S. 1899, Sec. 7900; R. S. 1909, Sec. 6949; Stark v. Ins. Co., 176 Mo. App. 574.

*McBaine & Clark* and *H. A. Collier* for respondents.

(1) It is legally competent for an insurance company to waive the right to require notice to be given within ninety days as required by section 7899, R. S. of Mo. 1899, relating to temporary insurance. See sections 7899, R. S. of Mo. 1899; Ibid., section 6948, R. S. of Mo. 1909; Nicholas v. Iowa Merchants Ins. Co., 101 N. W. 115. (2) The appellant company by its conduct in requiring the beneficiaries to furnish additional proof of death, and in incurring expense to furnish the same, and in not refusing to pay the claim upon the ground that it was not so furnished, waived the right to defeat the claims because notice and proof

were not furnished within ninety days. Meyers v. Casualty Co., 123 Mo. App. 682; Keys v. National Council, etc., 161 S. W. 345. (3) This exception, to the law relating to term insurance, did not exist after 1899. It was created by an act of the legislature in 1895 and expressly repealed in 1899. Laws of Missouri, 1895, pp. 197-8; Laws of Missouri, 1899, p. 248; Epperson v. Insurance Co., 90 Mo. App. 432; Head v. Ins. Co., 241 Mo. 403.

TRIMBLE, J.—This is a suit upon a policy of life insurance. Plaintiffs are the minor children of Walter T. Chandler deceased, and, as beneficiaries in the policy, brought this action, by next friend, to recover the amount of the policy. They recovered judgment for the amount asked. Defendant has appealed.

The case was tried before the court, a jury having been waived. It was tried partly upon an agreed statement of facts and partly upon certain oral and documentary evidence offered by plaintiffs. No testimony was offered by defendant.

The defendant was, and is, a Massachusetts corporation authorized to do, and doing, business in Missouri. On June 4, 1904, it issued to Walter T. Chandler the policy in question whereby, in consideration of the payment of an annual premium, it promised to pay plaintiffs the face value of the policy upon satisfactory proof of death of the insured. Chandler paid the initial and succeeding annual premiums until six were paid, but failed to pay the premium due on June 4, 1910, and the premiums due thereafter. On said date, June 4, 1910, the net value of the policy, under our statute (Sec. 6946, R. S. Mo. 1909), was sufficient to extend the insurance to a period beyond the date of the death of the insured, which occurred on February 11, 1912. The death having occurred within the terms of temporary insurance covered by the net value of the policy, plaintiffs brought suit claiming the benefit of Section 6948,

Revised Statutes of Missouri, 1909, which provides that "if no condition of the insurance other than the payment of premiums shall have been violated by the insured, the company shall be bound to pay the amount of the policy, the same as if there had been no default in the payment of premium, anything in the policy to the contrary notwithstanding."

No question is raised over the execution and delivery of the policy, the payment of the premiums as stated, the death of the insured within the term of the extended insurance, or that the policy was applied for, and was delivered, and the premiums thereon paid, in Missouri.

It is contended by defendant that plaintiffs are not entitled to extended insurance as given by Sections 6946 and 6948, Revised Statutes of Missouri, 1909. This claim is based upon several grounds, only one of which is required to be noticed now. That ground is that no notice of the claim and proof of death was submitted within ninety days thereafter as required by the first proviso in said Section 6948.

Plaintiffs' answer to this is that notice and proof of death within that time were waived by the company. Defendant's rejoinder to this is two fold. First, that as the requirement of notice and proofs to be furnished in ninety days is a part of the statute, the furnishing thereof within that time is a condition precedent to the cause of action, and plaintiffs must allege and prove that they have complied with it before recovery can be had thereunder; second, that no waiver, nor evidence tending to show waiver, was shown.

As to the first part of this contention, it may be said it is but another way of saying that defendant cannot waive the failure to furnish proofs within the ninety days. No authority is cited in support of such a view and we know of none. It is true that, where the statute makes a provision for the benefit of the insured, the parties to the insurance contract cannot

contract away that right, since that would enable the insurer, by properly drafting its policy, to nullify the statute. But the proviso in question was enacted for the benefit of the company which it can insist upon or waive as it chooses. No law or rule of public policy is violated by permitting the beneficiaries of an insured to collect and receive the insurance called for by the policy without furnishing proofs in a fixed and specified time. The statute was not passed to create a cause of action and does not of itself do so. It was passed for the purpose of writing into insurance contracts a provision for extended insurance for the benefit of the insured, and contains the proviso for the benefit of the insurer. The contracting parties are not on an equal footing. The legislature can provide what sort of contracts insurance companies may make with the people of the State. [State ex rel. v. Vandiver, 222 Mo. 206; 22 Cyc. 1387.] Especially is this true of foreign insurance companies. [Whitfield v. Ins. Co., 205 U. S. 489.] When, therefore, the insured and defendant entered into this contract, the statute wrote itself into and formed a part of the contract, and the cause of action is not strictly created by the statute, but by the contract containing the statute as one of its provisions. No law or rule of public policy requires the company to be protected to the extent that it cannot waive a requirment imposed on the insured as to the time in which notice is to be given. A statutory right or benefit given for its protection can be waived the same as any other right. [Nicholas v. Iowa, etc., Ins. Co., 101 N. W. 115, 1. c. 118.]

But the question remains was any waiver shown? It is conceded no notice was given nor proofs furnished within the ninety days. The acts relied upon as constituting waiver occurred after the ninety days had elapsed. Nothing was done by the insurer, during the time in which notice should have been given, which in any way influenced or induced the failure to give notice

or furnish proofs. Where the act relied upon to con-stitute waiver occurs after the time for furnishing proof of death has expired, such act must be in the nature of, or possess some elements of, estoppel, that is, must be such as induced insured's beneficiaries to change their position, for example, go to some addi-tional expense. [Boren v. Brotherhood, 145 Mo. App. 136; Bolan v. Fire Association, 58 Mo. App. 225; Myers v. Maryland Casualty Co., 123 Mo. App. 682, l. c. 687.] Unless, therefore, the plaintiffs were misled by the acts relied upon as waiver and were thereby induced to change their position, no waiver exists.

The policy itself provided that after the payment of premiums for six full years it would, without any action on the part of the insured, continue the policy as participating *paid-up* insurance payable at death of insured. This amounted to $219, according to one way of figuring, or to $155 according to another.

On June 1, 1912, (110 days after insured's death) plaintiffs demanded of defendant payment of the pol-icy in full, which was, of course on the theory that they were entitled to *extended* insurance. The company re-fused to pay this, but did offer to pay $155 in settle-ment of the *paid-up* insurance called for in the policy. On June 15, 1912, Mrs. Chandler, the mother of plain-tiffs and acting for them, sent the company a certifi-cate of the death of insured, signed by the attending physician, and in a letter inclosed therewith demanded full payment of the extended term insurance. To this the company replied saying the proofs were not suffi-cient in that the name of the deceased was not certified to by an officer, and was insufficient in certain other specified particulars, and that it would be necessary to have the usual proof papers filled out. In this letter the company asserted that the policy "is *paid-up insur-ance* only in the amount of $155."

Thereafter, on October 8, 1912, a representative of the company, Mr. Day, called on Mrs. Chandler and

furnished her with blank forms and stated that additional proofs of death were desired; and wrote into the form Mrs. Chandler was to sign that the policy was for $155. Her attorney, Mr. Collier, objected to this and asked Day why he had written, into the paper Mrs. Chandler was to sign, that it was for only $155. Day explained that the company would only allow $155 for the reason the policy had lapsed and that it automatically became at that time a *paid-up policy* for $155. Collier then drew a line through the words "for $155" telling Day they were demanding the face of the policy, which of course was extended term insurance and not paid-up insurance. Day replied that it made no difference to him personally but that the company would pay $155. Thereafter the proofs were signed including an affidavit of the undertaker; and Mrs. Chandler paid the notary fees for certifying to the same. A number of letters from the company in correspondence over the claim were introduced, but in all of them the company insisted that the policy called for paid-up insurance and not for extended insurance.

We are unable to see where there is any evidence even tending to show that Mrs. Chandler, or any one else acting for plaintiffs, was led to believe that the company intended to pay extended insurance on the policy, nor how plaintiffs were induced to change their position and go to additional expense by anything the company did. The defendant nowhere did anything to cause Mrs. Chandler to suppose it would pay anything other than the paid-up insurance it admitted to be due. She was preparing to enforce the claim for extended insurance and was in the act of signing proofs for that purpose. The company made them out for paid-up insurance and when plaintiffs' attorney asked why they were made out thus, he was told the company would only recognize the amount due as paid-up insurance. Nevertheless, plaintiffs went on preparing the proofs

180 App. 26

for the purpose of enforcing the claim as they construed it. They were doing this not because they were induced to do so thinking the company would pay the amount they demanded, but with knowledge that the company was only recognizing the policy as paid-up insurance, and, plaintiffs were doing this in spite of that knowledge so as to be in position to compel payment according to their views.

The case is not like one where there was but one species of liability involved. The company claimed it was under one kind of liability, the plaintiffs claimed another. The policy contained no provision requiring proofs to be furnished within ninety days. That requirement appeared only in the statute giving extended insurance. So that, under the terms of the policy itself, *unaffected by the statute,* the company was, under the circumstances of this case, liable for paid-up insurance whether proofs were furnished within or without the ninety days, at least if they were furnished in a reasonable time. But under the policy *with the statute as a part* thereof the company was liable for the extended insurance, provided notice and proofs were given in ninety days, or, if not so given, had been waived. What the company did was solely in recognition of its liability for *paid-up* insurance, and its acts could be taken only as a waiver of the point that proofs for *paid-up* insurance were necessary or were not furnished in a reasonable time. But those acts could not be treated as a waiver in regard to the *extended* insurance claimed by plaintiffs, since, in all of those acts, the company was saying its liability was for paid-up insurance only, and was steadfastly refusing to pay extended insurance. The company received proofs it is true, and furnished additional blanks, but, in doing so, insisted that its liability was only for paid-up insurance. Plaintiffs, notwithstanding this, prepared their proofs in support of their claim for the greater liability uninfluenced by any act of defendant, and in

spite of defendant's insistence upon the lesser liability. Mere receipt of proofs after the lapse of the time for furnishing them, and failure to object on that ground, is no waiver of the failure to furnish them within the time required. [St. Louis Ins. Co. v. Kyle, 11 Mo. 278, l. c. 290; Cohn v. Ins. Co., 62 Mo. App. 271, l. c. 276.] Furnishing blanks after the expiration of the time allowed for making proof is no waiver of the forfeiture occasioned by the failure to provide them within the required time. [Crenshaw v. Life Ins. Co., 63 Mo. App. 678.] Mrs. Chandler and those acting for plaintiffs had no reason for supposing that their claim for *extended* insurance would be recognized after the proofs were furnished any more than before. It follows, therefore, that since the acts relied upon to constitute waiver occurred after the time for giving proofs had passed, and did not cause plaintiffs to change their position whereby any elements of estoppel were called into existence, there was no waiver shown, nor evidence from which one could be inferred.

It does not follow, however, that plaintiffs are not entitled to any judgment under the policy and pleading. Defendant conceded, at the trial, that they were entitled to paid-up insurance of $219 less a loan made to insured of $39.15. It now contends that under the petition plaintiffs cannot recover even this sum. But the cause of action is on the policy. The answer concedes liability to the extent above indicated. The cause of action being on the policy and the petition being sufficient to support a judgment for whatever amount is due thereon, that judgment should be rendered to which plaintiffs are entitled.

The judgment is, therefore, reversed and the cause remanded with directions to enter judgment for plaintiffs in the sum of $179.85 (being the $219 less the loan of $39.15) together with 6 per cent. interest from February 11, 1912. The other judges concur.