# WM. H. DOERR v. NATIONAL FIRE INSURANCE COMPANY.

Springfield Court of Appeals, June 26, 1923.

1. **INSURANCE: Consideration or Element of Estoppel Unnecessary for Waiver of Forfeiture for Breach of Condition Subsequent.** No element of consideration or estoppel is necessary for waiver of forfeiture for breach of condition subsequent to an insurance policy; but waiver may be found if insurer does some act from which it can be inferred that it did not intend to insist on the forfeiture.

2. ————: **Provision in Automobile Theft Policy for Locking, Condition Subsequent Subject to Waiver.** Condition in automobile theft

policy that, in consideration of reduced premium, insured will not leave the car without locking the device stipulated to be maintained thereon, is a condition subsequent, which may be waived.

3. ————: **Waiver Held Question for Jury.** Whether forfeiture of automobile theft policy because key was left in the locking device was waived by adjusters, *held* for the jury.

4. **APPELLATE PRACTICE: Submission of Evidence Held Harmless.** It being shown, relative to the issue of waiver of forfeiture of an insurance policy, that insured told the facts to the general agent, who had authority to waive, admission of evidence of conversations with other agents was harmless.

5. ————: **Instruction Held Harmless.** An instruction requiring finding of unnecessary as well as the necessary facts for recovery by plaintiff is harmless to defendant.
*Held,* by COX, P. J., dissenting, in separate opinion, that the provision for locking was a condition precedent, and the policy became void and of no effect when car was left unlocked, and asks that cause be certified to Supreme Court.

Appeal from the Circuit Court of Jasper County.—*Hon. Grant Emerson,* Judge.

AFFIRMED.

*Hogsett & Boyle* and *Howard Gray* for appellant.

*Hackney & Welch* for respondent.

FARRINGTON, J.—This appeal is taken from a judgment recovered in the trial court on a policy of theft insurance on plaintiff's automobile. There were certain interests of a mortgagee involved, as shown by the record, but for a decision of this appeal it will be unnecessary to state the facts with reference thereto.

The principal question involved is one of waiver; the appellant contending that there was no evidence which would justify the court in submitting the question of waiver to the jury, and further contending that in order for the forfeiture which was provided for in the

policy to be waived in this character of case the waiver must take on an element of estoppel, and that being lacking it is argued there were no grounds assigned which would justify the plaintiff in avoiding his breach of the policy and a consequent forfeiture thereof.

The policy provided, by a rider for a certain character of locking device to be kept on this car and so stated that in consideration of the agreement to keep the locking device on the car and the car locked when left by the owner that the premium for insurance was reduced. The evidence shows that the plaintiff's car was run into his garage one night and the key turned locking the device; but the plaintiff admitted on the trial, and admitted to defendant's agent when he reported the theft of the car, that he had left the key in the lock. The trial court, in passing on an instruction, held that this was a breach of the locking device stipulation in the policy and the respondent treated his act as a breach of the policy but sought to avoid it by showing that the defendant had waived the right to insist upon such forfeiture.

We think plaintiff's evidence makes a case which should go to the jury on the question of waiver. He testified that on the day after the theft he went to the general agent of the defendant company, who had countersigned and delivered his policy, and explained to him about how his car was left and stolen and about him having left the key in the lock of the car. He further testified that this general agent sent him to an Adjustment Company, as he says, "for the purpose of having my loss adjusted." His testimony then discloses that he told those in charge of the Adjustment Company the exact situation and that they notified him that they had sixty days to look for his car and if they did not find it, he says this agent said, "we will pay you."

Appellant cites cases where language is used which would bear the interpretation that there must be a consideration or an element of estoppel in order for a forfeiture such as this to be waived. These cases, however, are by the St. Louis and Kansas City Courts of Appeals

both of which courts hold that in what are termed conditions subsequent, a breach does not render the policy void but merely makes it voidable at the election of the insurer and can be waived without the element of estoppel or consideration entering into the conduct of the insured and insurer. That is to say, if the insurer does some act from which it can be inferred that it does not intend to insist on the forfeiture, then there is evidence from which a jury may find that a waiver was intended. In the case of Carp v. Queen Insurance Co., 116 Mo. App. 528, 92 S. W. 1137, Judge Goode, in a well-considered opinion, holds that the iron safe clause attached to a policy is merely a condition subsequent, and on the same reasoning we must hold that the agreement to keep the car locked with the special device is a condition subsequent in this policy, that is to say, the policy of insurance was in force and if the insured failed to keep his agreement the insurer has the right to declare the policy forfeited and hence avoid the policy. This character of condition must be distinguished from one where the policy never comes into operation or comes in force until some condition or act if performed such as, for example, that a policy will not be in force or become operative until it has been delivered to one who is alive and in good health. We, therefore, hold that the policy in this case was in force and was subject to be forfeited for the failure of the plaintiff in complying with the lock device stipulation; but his testimony disclosed that he told the whole story with reference to his failure in that respect to the general agent of the company, and the general agent sent him to an adjusting concern for the purpose of adjusting the loss. It is admitted that he was told to come back from time to time to the adjuster's office, which he did, and that he never at any time was told that the company was going to insist on a forfeiture by reason of his failure to comply with the stipulation as to the locking device until some sixty days after the car was stolen. We think from his testimony there is evidence

not only of an express waiver but evidence of an implied waiver, that is to say, in addition to what he says the adjuster told him, that the company would wait sixty days and if the car was not found it would pay him, the company is bound by the conduct of the general agent, whom he first told about his failure in reference to the stipulation, in not then and there informing him that his failure in that respect forfeited the policy; he instead told him to go to an Adjustment Company for the purpose of adjusting the loss.

The following cases, we think, clearly uphold respondent's contention that there was a case made to go to the jury on the question of waiver: Pace v. Insurance Co., 173 Mo. App. 485, 158 S. W. 892; Travis v. Continental Ins. Co., 179 S. W. 769; Myers v. Casualty Co., 123 Mo. App. 687, 101 S. W. 124; Ramsey v. Insurance Co., 160 Mo. App. 242, 142 S. W. 763; Bolan v. Fire Insurance Co., 58 Mo. App. 233; Keys v. Insurance Co., 174 Mo. App. 679, 161 S. W. 345; Dye v. Insurance Co., 227 S. W. 1068.

Any question regarding testimony introduced relative to conversations with agents becomes harmless in this case when it was shown that the plaintiff notified the general agent, who issued the policy, of the facts. He certainly had authority to waive. [See James v. Mutual Reserve Fund Life Ass'n, 148 Mo. 1, 49 S. W. 978; Jones v. Prudential Ins. Co., 173 Mo. App. 1, 155 S. W. 1106.]

The plaintiff's first instruction is complained of by appellant as being confusing, misleading and extremely long. The latter criticism is well taken, it covering two and a half full printed pages. It does, however, declare the law correctly on the question of waiver, and while it might require the finding of some things which were unnecessary to a recovery, it was in the conjunctive form and in our opinion could not be said to be prejudicial to the extent of amounting to reversible error. Especially is this true when read in connection with instructions giv-

en on behalf of defendant which clearly set forth the is-
sues on waiver. The judgment is affirmed. *Bradley,
J.,* concurs. *Cox, P. J.,* files dissenting opinion.

COX, P. J. (dissenting).—I cannot agree with the
majority opinion that the evidence in this case is suffi-
cient to take the question of waiver by defendant of
the locking device of the policy to the jury. That clause
is as follows: ''In consideration of the reduction in
premium granted under this policy, it is made a condi-
tion thereof that the insured will at all times during the
life of this policy maintain on the automobile insured
under this policy, in working order, a locking device
known as approved lock approved by the Underwriter's
Laboratories of the National Board of Fire Underwrit-
ers and bearing their label and further that the insured
will not leave the automobile without locking the device
for which allowance is made, otherwise this policy shall
be null and void as far as the theft of the automobile is
concerned.''

The policy also had a mortgage clause by which it
was provided that the failure of the insured to comply
with the terms of the policy should not release defend-
ant of its liability to the mortgagee. After the theft of
the automobile the defendant paid the mortgagee and
took an assignment of the debt. This provision, how-
ever, is not in question in this case.

Plaintiff admitted that he had not complied with the
locking-device clause of his policy, but contended that
defendant had waived that provision of the policy by
its agent, with knowledge of the facts after the theft,
stating to plaintiff that if they did not find the automo-
bile they would pay him. It is conceded that but for
that statement by the agent of the defendant the plaintiff
could not recover. I do not think that amounts to a
waiver of the provision of the policy which required
plaintiff to keep his car locked when he should leave
it. The policy provided that upon a failure of the plain-
tiff to comply with that provision of the policy it should

be null and void. When plaintiff did fail to comply with that provision, the policy, by its own terms, at once became annulled without the doing of any act on the part of defendant. The policy, then, by its own terms, coupled with the act of plaintiff, was not in force when the automobile was stolen. Under that state of facts it seems clear to me that to reinstate the policy by acts or conduct amounting to a waiver the acts or conduct relied upon must be such as to work an estoppel before they can be effectual. In this position I think I am supported, in principle, by the Kansas City Court of Appeals in the cases of Boren v. Brotherhood of Railroad Trainmen, 145 Mo. App. 136, 129 S. W. 491, and Chandler v. Insurance Co., 180 Mo. App. 394, 167 S. W. 1162, and some other cases. Neither do I think that the cases cited in the majority opinion are opposed to this view. As I read those cases they each contained, on the facts, an element of estoppel. There is no element of estoppel in this case. The statement of defendant's agent if made as contended by the plaintiff, did not induce plaintiff to alter his condition in any way. He neither did anything or refrained from doing anything because of his reliance upon the expectation that he would be paid for the automobile if defendant did not find and return it to him. The statement of defendant's agent, if made, was a mere expression of a present intention which could be changed at any time and bound no one and did not, in my judgment, constitute a waiver of the essential provision of the policy that the automobile should be kept locked, when plaintiff should leave it. [Colonius v. Hibernia Fire Insurance Co., 3 Mo. App. 56; Card v. Phoenix Insurance Co., 4 Mo. App. 424; Gerhart Realty Co. v. Northern Assurance Co., 86 Mo. App. 596, 600.]

I do not think that the facts in this case amount to a waiver under the authority of the cases cited in the majority opinion. As already stated, I think the facts in those cases show enough to establish the element of estoppel, but whether that be so or not, I think there

should be a clear distinction between cases, of which those cited are types, in which the thing waived relates to the iron safe clause, or time of giving notice of loss, or time of furnishing proof of loss or some other provision of the policy which is intended to assist the insurer in securing full information of the facts after a loss has occurred, and a case of this kind in which the alleged waiver relates to a provision of the policy with which the insured is to comply in order to reduce the danger of loss. The agreement of plaintiff in this case to use an approved locking device and keep his automobile locked with it when he should leave the machine was a part of the consideration on which this policy was issued and he secured a reduced rate on account of it.

When a provision requiring the insured to do certain things continuously during the life of the policy is reasonable and the effect of its observance by the insured is to materially reduce the danger of loss, then, as I view it, his compliance with his part of the contract is not a condition subsequent, as appears to be held in the majority opinion, but is a condition precedent, and, when the policy so provides, his failure to perform his part of the contract annuls it and the insurer cannot be held to have waived a provision of that kind except upon the theory of estoppel or unless the waiver is supported by a new consideration. My conclusion is that the judgment should be reversed.

In my opinion, the majority opinion in this case is in conflict with the decisions of the St. Louis Court of Appeals in the cases of Colonius v. Hibernia Fire Insurance Co., 3 Mo. App. 56; Card v. Phoenix Insurance Co., 4 Mo. App. 424; and Gerhart Realty Co. v. Northern Assurance Co., 86 Mo. App. 596, 600; and also in conflict with the decisions of the Kansas City Court of Appeals in the cases of Boren v. Brotherhood of Railway Trainmen, 145 Mo. App. 136, 129 S. W. 491, and Chandler v. Insurance Co., 180 Mo. App. 394, 167 S. W. 1162, and for that reason I ask that this case be certified to the Supreme Court.